THOS. D. HOLLY v. MARTIN PERRY.

*Undertaking to Secure Costs—Bond.*

1. In matters of procedure, it is always best to strictly follow all statutory requirements.

2. Where an undertaking to secure the costs of the defendant is given in the form of a bond, the seal does not defeat its purpose, and it will be treated as an undertaking under seal.

3. Where an undertaking under seal to secure the defendant's costs, was written on the back of the summons, but did not specify the name of either the plaintiff or defendant, or the surety, it was held to be sufficient.

CIVIL ACTION, heard by *Avery, Judge,* at Spring Term, 1884, of the Superior Court of BERTIE county.

At the appearance term, the plaintiff having filed his complaint, the defendant moved to dismiss the action upon the ground that the plaintiff had not given an *undertaking* as required by The Code, §209, which provides that, "before issuing the summons, the clerk shall require of the plaintiff, either to give an undertaking, with sufficient surety, in the sum of two hundred dollars, with the condition that the same shall be void, if the plaintiff shall pay the defendant all such costs as the defendant shall recover in the action," &c.

The plaintiff insisted that he had given a "bond" on the back, or outside, of the summons, which was a substantial compliance with the statute, whereof the following is a copy :

" We acknowledge ourselves bound unto defendant in this action in the sum of two hundred dollars, to be void, however, if the plaintiff shall pay to the defendant all such costs as the defendant may recover of the plaintiff in this action.

"Witness our hands and seals this ...... day of ........., A. D. 188...

[Seal].

[Seal].

(Signed) J. B. MARTIN, [Seal]."

The Court held that this writing was not a substantial or any compliance with the statute recited above, and gave judgment dismissing the action ; whereupon the plaintiff having excepted, appealed to this Court.

*Mr. R. B. Peebles*, for the plaintiff.
*Mr. W. D. Pruden*, for the defendant.

MERRIMON, J. (after stating the facts). The clerk ought to have required, and the plaintiff ought to have given, a formal *undertaking* as required by the statute. Indeed, it is more orderly, better and safer, in all cases to observe strictly statutory requirements in matters of procedure. A contrary course never fails to result in irregular and confused practice, and is attended in almost every case with more or less hazard to litigants.

The bond written on the summons in this case, is certainly informal, and in some respects not very definite and certain, but taking it in connection with the summons, its purpose as indicated by its terms, and applying it as contemplated by the statute, we think it ought to be treated as in effect a sufficient undertaking. Although in form a bond, the law determines its nature

and effect, and treats it as an undertaking under seal.   The seal
does not defeat its purpose.   The clerk and the obligee intended
it to be taken with, and as part of the summons, and by rea-
sonable, just and almost necessary implication, the words " de-
fendant" and " plaintiff" employed in it, mean, and were in-
tended to mean, the persons mentioned in the summons by name
as such, and as certainly as if they had been mentioned by their
names respectively in the body of the bond.   The sum of money
mentioned in, and the condition of, the bond, are such as the
law requires, and it must be treated as a sufficient undertaking.

There is error.   Let this opinion be certified to the Superior
Court according to law.   *It is so ordered.*

Error.                                              Reversed.