LOWDERMILK BROS. *v.* HENRY BOSTICK.

## Deed, Construction of—Evidence.

1. In the construction of deeds the first rule is, that the intention of the parties will be effectuated if possible ; and the second is, that this intention is to be ascertained from all its terms considered together.

2. As a general rule, no expression in a deed can be contradicted or explained by extrinsic evidence.

(*Dismukes* v. *Wright*, 4 Dev. & Bat., 206, cited and approved).

CIVIL ACTION tried at February Term, 1886, of RICHMOND Superior Court, before *Boykin, Judge.*

This was a claim and delivery proceeding, in which the plaintiff alleged that he was the owner of a certain horse and other personal property.

The plaintiff introduced in evidence the following lien, which was executed by the defendant Bostick, to-wit:

"Whereas, Henry Bostick, of Richmond county in said State, proposes to cultivate and farm about forty acres of land on the tract of land in said county known as Mary J. Powell's, for the purpose of raising a crop on said land during the year 1882; and whereas, Macon & Lowdermilk Bros., of said county, have agreed to make advances to said Henry Bostick for purposes of agriculture, raising a crop and farming on said land during the year A. D. 1882, to the value and amount of one hundred dollars, and such further sums as said Macon & Lowdermilk Bros. may deem necessary, not exceeding in all three hundred and seventy-five dollars; and whereas, said Henry Bostick desires to secure to said Macon & Lowdermilk Bros. the sum so agreed to be advanced in accordance with the provisions of the Act of Assembly in such cases made and provided; Now, therefore, in consideration of said advances to be made as aforesaid, Henry Bostick, by these presents, does sell, transfer and agree to de-

liver to said Macon & Lowdermilk Bros., on or before the first day of October next, so much corn, cotton and other products, raised during the present year by said Henry Bostick, as shall be sufficient to pay for the supplies to be furnished as aforesaid, which conveyance and transfer shall create a lien in favor of said Macon & Lowdermilk Bros. to the extent of the advances made, or to be made, upon all the crops said Henry Bostick may raise, be interested in, or in anywise control during the present year on the above mentioned land, or on any other lands in said county. It is further agreed that the claims for the advances aforesaid shall be due and owing at the date of the delivery of said advances, or any part thereof, and that the lien hereby created shall arise, exist and take effect on said crop or parts thereof as the same shall be gathered to the extent of the advances then made. And for further security, said Henry Bostick bargains and sells to the said Macon & Lowdermilk Bros. the following articles of personal property, to-wit: One bay mule, 11 years old; one sorrell horse, 10 years old; one two-horse wagon; 11 head of hogs, unmarked; with the understanding that if said Henry Bostick shall well and truly pay said Macon & Lowdermilk Bros. for the advances aforesaid on or before the first day of October next, the said lien and mortgage shall be discharged and the said property revert to said Henry Bostick, otherwise said Macon & Lowdermilk Bros. shall have power to take into possession all of said crops and property on the farm or elsewhere, if removed, and to sell the same for cash, or so much thereof as may be necessary to pay for the advances aforesaid, attorney's fees, registration and other expenses incurred by said Macon & Lowdermilk Bros. in executing this provision, first advertising said sale for ten days in three public places in said county. Said Henry Bostick does hereby certify that no other lien or mortgage has been given on said property. If this claim is not

paid at maturity, to bear interest at the rate of 8 per cent. per annum from date thereof until payment.

" In witness whereof said Henry Bostick has hereunto set his hand and seal this the 9th day of February, A. D. 1882." (Signed by Bostick.)

The defendant was indebted to plaintiffs for the year 1881 forty dollars, and before the execution of the lien agreed to trade with them in the year 1882 if they would permit him to retain certain corn raised by him in 1881, and upon which they had a lien made by defendant to plaintiffs in 1881. This agreement was entered into on December 27, 1881.

Z. F. Lowdermilk, one of the plaintiffs, testified that they, the plaintiffs, advanced under the lien of 9th of February, 1882, to the defendant to the amount of $309. Before the execution of the last named lien the defendant was indebted to them in the amount of fifty dollars. Of this sum $40 was for the corn retained in 1881, upon which plaintiffs charged 10 per cent. per annum, aggregating $44. They sold defendant a barrel of flour at $9 on 14th January, 1882. The witness further testified that to recover possession of the property conveyed in the lien of the 9th of February, 1882, he caused a writ to issue for the seizure thereof; that he paid the costs of the same, including the attorney's fee. He insisted that under the said lien the plaintiffs were entitled to recover said expenditures from the defendant, he never having repaid the same to them according to plaintiff's testimony.

It was admitted that all the advances made at the time of the execution of the lien of 9th of February, 1882, and those made thereafter, were paid for by the defendant. There was conflicting testimony as to the payment of the costs by the defendant. The plaintiffs are the surviving members of the firm of Macon & Lowdermilk Bros.

The Court charged the jury that the lien of 9th of February, 1882, secured only the advances made at or after its

·execution, and that the property therein conveyed could not be subjected to the satisfaction of any indebtedness existing prior to the execution thereof; and, that if the jury believed that the defendant had satisfied plaintiff for all advances made under the said lien of the 9th of February at and subsequent to the date of the execution thereof, the defendant would be entitled to their verdict; otherwise they would assess the balance due thereunder, if any, and find to that extent for the plaintiffs.

Verdict and judgment for the defendant. Appeal by plaintiffs.

No counsel for the plaintiffs.

*Messrs. Platt D. Walker* and *Frank McNeil*, for the defendant.

SMITH, C. J. The plaintiffs' right of action depends upon the construction of the terms of the deed, and preliminary thereto its efficacy in giving the lien under the statute, the determination of the latter being unnecessary if its terms do not take in the demand for the debt of the preceding year.

We coincide with the Judge in the opinion that the deed provides for advances then or thereafter to be made in cultivating and bringing to maturity the crops of that year and not to such as were made before its execution. Its terms very plainly indicate this, as a brief reference will show, and they cannot be varied by parol evidence of understandings outside of it.

Nearly fifty years ago, Daniel, Judge, speaking for the Court, said: " In the construction of deeds the first rule is that the intention of the parties is, if possible, to be supported. And the second is that this intention is to be ascertained from the deed itself, that is, from all parts of it taken together. In general no expression can be contradicted or explained by extrinsic evidence, and the intention collected from the four corners of the deed is to govern the construc-

tion of every passage in it." *Dismukes* v. *Wright,* 4 Dev. & Bat., 206.

Guided by this rule the instrument itself shows clearly the intention of the parties as to the extent of its operation, limiting it to the securing such moneys or advances as were to be used in making the contemplated crops of that year.

It recites the defendant's purpose of raising a crop on the land *during the year* 1882, and the agreement of the firm "to make advances to said Henry Bostick," for the purpose of enabling him to go on "in raising a crop and farming on the land *during the year* 1882" within defined limits.

Again, it says that "in consideration of said advances to be made as aforesaid, Henry Bostick, by these presents, does sell," &c., "so much corn, cotton and other products raised during the present year * * * as shall be sufficient to pay for the supplies to be furnished as aforesaid," &c., and such conveyance "shall create a lien in favor of said Macon & Lowdermilk Bros. to the extent of the advances made or to be made upon all the crops said Henry Bostick may raise, be interested in or in any wise control during the present year on the above mentioned land," &c.

Without quoting further provisions contained, it is quite apparent that no pre-existent debt was intended to be secured in giving the lien, and not less that the parties so meant, and such is the legal effect of the deed to create the statutory lien.

We, therefore, concur in the ruling of the Court, brought up by appeal for review, that if all the advances made during 1882 were paid the plaintiff must fail in his action.

There is no error.

No error.                                        Affirmed.