### R. R. COMRON v. D. B. STANDLAND.

*Chattel Mortgage, Form of—Mortgage in Lieu of Bond—The Code, §§ 117–120, not Applicable to Justice's Courts—The Code, §§ 883, 884—Submitting Issue of Law to the Jury.*

1. *The Code,* §§ 117–120, has no application in Courts of Justices of the Peace.

2. There is no statutory provision that allows a mortgage of real or personal property to be given *in lieu* of the undertaking on appeal from a Justice's judgment, required by *The Code,* §§ 883, 884.

3. Although neither the Justice nor the plaintiff is required to accept a mortgage from the defendant *in lieu* of an undertaking on appeal, yet, if the defendant give and the plaintiff accept such mortgage, it is valid and can be enforced. The stay of the execution is a valuable and sufficient consideration to support the mortgage.

4. No particular form is essential to the validity of a chattel mortgage; mere informality will not vitiate it. No seal is necessary. It is sufficient if the words employed express in terms or *by just implication* the purpose of the parties to transfer the property to the mortgagee, to be revested in the mortgagor upon the performance of the condition agreed upon, however informally expressed. A power of sale is not essential.

5. A writing was entitled "A v. B: Undertaking on appeal from Justice's judgment"; it recited a judgment rendered against B. in favor of A, and the intention of B to appeal therefrom, and then provided as follows: "Now, therefore, for the purpose of securing the payment of all damages and costs which may be awarded against him, and so much of the judgment or any part thereof that may be affirmed, the said B does give the following articles of personal property" (describing the property). The writing was signed by B, but not sealed: *Held*, to be good as a chattel mortgage.

6. Whether a writing, claimed to be a mortgage, is such or not, is a question of law, and should not be submitted to a jury.

7. If a question of law is improperly submitted to a jury, but the verdict finds it correctly, no harm is done and no exception lies.

CIVIL ACTION, tried before *Connor, J.*, at October Term, 1887, of BRUNSWICK Superior Court.

Judgment for plaintiff, and defendant appealed.
The facts appear in the opinion.

*Mr. J. D. Bellamy*, for the plaintiff.
*Messrs. T. W. Strange* and *Ernest Haywood*, for the defend-
ant.

MERRIMON, J.   The plaintiff obtained a judgment in the
Court of a Justice of the Peace against the defendant for
$110.84, and the defendant appealed therefrom to the Superior
Court, but failed to give an undertaking on appeal to stay exe-
cution pending the appeal, as allowed by the statute (*The Code,*
§§ 883, 884).  He, however, in lieu thereof, and for the purpose
of such stay, executed and the plaintiff accepted a paper-
writing, which was duly proven and registered, whereof the
following is a copy :

" STATE OF NORTH CAROLINA—BRUNSWICK COUNTY.


" R. R. COMRON   ⎫ Undertaking  on  Appeal from  Justice's
        *v.*          ⎬          Judgment.
" D. B. STANDLAND. ⎭

"Whereas, on the 23d day of February, 1885, the plaintiff
recovered judgment against the defendant before S J. Stanly,
Justice of the Peace, for one hundred and ten dollars and
eighty-four cents; and whereas, the said defendant intends
to appeal therefrom to the Superior Court of said county,
and desires to stay all proceedings thereon: Now, therefore,
for the purpose of securing the payment of all damages and
costs which may be awarded against him, and so much of
the judgment, or any part thereof, that may be affirmed, the
said D. B. Standland does give the following articles of per-
sonal property : Two mules, flesh-marks pale yellow, worth
two hundred and fifty dollars; and said mules are free and

clear of all incumbrances whatsoever, and that the said D
B. Standland has the right to convey the same.

"This 23d day of February, 1885.

      "(Signed)               D. B. STANDLAND.

"Witness:

   "(Signed)   S. J. STANLY."


The purpose of this action is to enforce this paper-writing
as a chattel mortgage. The defendant contends that it is
not such mortgage, nor was it so intended; that it was
intended to be an undertaking on appeal, but is not; that
it is void, "because it did not conform to the statute, and
because it is without consideration, and had no obligee named
therein."

The Court submitted the following, among other issues, to
the jury, and they responded to the same as stated at the
end thereof:

"Did the defendant intend the paper-writing as a mort-
gage, or did he intend it as an undertaking to secure the
plaintiff's debt on appeal?"   Answer, "Mortgage."

There was a verdict and judgment for the plaintiff.

The defendant assigned error as follows, and appealed to
this Court:

"1. The Court erred in submitting issue number three to
the jury, because it was a paper-writing whose terms were
certain, and its construction was a matter for the Court.

"2. The Court erred in refusing to give the following
instruction: 'That inasmuch as a Justice of the Peace had
the right to accept an undertaking on appeal, but no right
to accept a chattel mortgage in lieu of such an undertaking,
they must presume that this instrument was given in accord-
ance with law as an undertaking on appeal, and not as a
mortgage.'

"3. The Court erred in sustaining the validity of this
instrument, (1) because, being void as an undertaking, it

103—14

could operate as nothing else; (2) because it appeared upon its face that it was without consideration; (3) because there was no obligee specified or mentioned in the instrument itself."

The statute (*The Code*, §§ 117, 120) has no application in Courts of Justices of the Peace, as seems to have been supposed by the parties to this action. It prescribes the duties of Clerks of the Superior Courts, and allows a mortgage of real estate to be given by parties to actions in the cases and as and for the particular purpose specified. The statute (*The Code,* §§ 883, 884) applies particularly to appeals from judgments in Courts of Justices of the Peace, and it is by it provided that the appellant shall, in such cases, be allowed to give an undertaking by one or more sureties, to be approved, " to the effect, that if judgment be rendered against the appellant, the sureties will pay the amount, together with all·costs, awarded against the appellant; and when judgment shall be rendered against the appellant, the appellate court shall give judgment against the said sureties." There is no statutory provision that allows a mortgage of real or personal property to be given in lieu of and for the purpose of an undertaking on appeal from such judgment.

The defendant failed to give the undertaking on appeal from the judgment of the Justice of the Peace, but he gave the paper-writing in question, a copy of which is set forth above.

The Justice of the Peace could not require the plaintiff to accept it, or a like instrument; nor did the defendant have any right to require him to accept it, in the absence of statutory provision so prescribing, but there was no legal reason why the plaintiff, if he saw fit, for any consideration, might not accept it and allow the stay of execution as a consideration for it. He had the right, in the

absence of the usual undertaking on appeal, to issue execution (*The Code,* § 875), and he might not stay it pending the appeal, and thus the defendant might have suffered harm or disadvantage.    There was no legal obstacle in the way to prevent the arrangement made voluntarily by and between the parties, for their common convenience.

The paper-writing, called " an undertaking on appeal," is very informal, but it is not wholly insensible—its nature and purpose are obvious.  The defendant intended by it to mortgage the two mules described therein to the plaintiff for the purpose therein specified, in order to obtain the stay of execution, and the plaintiff accepted the mortgage, as he might do.    The stay of execution was a valuable and sufficient consideration to support the contract of mortgage.  The names of the parties to it were mentioned in the caption at the top of it, and plainly, the stipulations and agreement embraced in the writing had reference to and were between them, and sufficiently pointed and expressed their mutual agreement—they were respectively designated certainly as plaintiff and defendant.    The expressed purpose was to obtain the stay of the execution referred to for the benefit of the defendant; and to *secure* the payment of so much of the judgment mentioned therein as might be affirmed in the appellate Court, the defendant " do (doth) give the following articles of personal property, two mules, flesh-mark pale yellow"—that is, the mules were given, sold, to the plaintiff to secure the payment of the judgment he expected to obtain.    This was the obvious implication from the words employed and the nature of the transaction.    The condition implied was, that the mules shall be sold and the proceeds of sale applied to the payment of the judgment, when obtained, if the defendant should fail to pay it; and if the judgment, or some part of it, should not be affirmed in the appellate Court, then the mules revest in and be the property of the defendant.    *Holly* v. *Perry,* 94 N. C., 30.

No particular form is essential to the validity of a chattel mortgage, nor will mere informality defeat its purpose. It is not necessary that it shall be under seal, because the title to personal property will pass without deed. It is sufficient, if the words employed express in terms, or by just implication, the purpose of the parties to transfer the property to the mortgagee, to be revested in the mortgagor upon the performance of the condition agreed upon, however informally expressed, and the mortgage may or may not have a power of sale annexed thereto. *Rawlings* v. *Hunt*, 90 N. C., 270; *McCoy* v. *Lassiter*, 95 N. C., 88; *Frick* v. *Hilliard*, 95 N. C., 117.

The law determined the legal nature and effect of the instrument in question, and hence the Court should have decided upon it without submitting to the jury the question whether or not it was intended to be a mortgage. But any objection on this account was obviated by the finding of the jury, which was in harmony with the law applicable. The submission of the issue did no harm, in view of the finding upon it.

A remaining assignment of error is so imperfect that we cannot pass upon its merits. A paper-writing essential to it does not appear in the record. Hence, we pass it without further notice.

No error.                                    Affirmed.