STROUSE, LOEB & CO. v. W. H. COHEN and Wife.

*Married Woman—Charge on Separate Estate—Mortgage.*

1. No particular form is essential to the validity of a chattel mortgage, and it is sufficient if the words employed express, in terms or by just implication, a purpose to convey the property as security for the debt.

2. A married woman engaged in merchandising, by an instrument signed by herself, under seal, with the written assent of her husband, duly probated upon her privy examination, and registered, acknowledged her indebtedness to plaintiff in a certain sum for goods sold and delivered to her, and further declared as follows: "And I being a married woman and being possessed of a separate estate of both real and personal property, all of which is situated in Newbern, N. C., and desiring to secure the payment of the above sum to the said parties, etc.; now, therefore, be it known that I hereby convey to the said parties aforesaid, their heirs and assigns, such an interest in the said separate estate, both real and personal, as will secure the payment of the above expressed amount, hereby making the said sum a charge upon the said separate estate for the purpose herein expressed": *Held*, (1) that such instrument has all the essential elements of a mortgage, and is a lien upon the separate personal estate of the married woman in Newbern; (2) that, being a mortgage, the words added at the end of the instrument—"hereby making said sum a charge upon said separate estate"—are surplusage and do not invalidate or revoke the preceding conveyance as a mortgage and change it into a mere charge upon the separate estate, so as to entitle the married woman to her personal property exemptions.

*Semble*, that as between the parties to it, rights of third parties not hav-
ing supervened, the mortgage is good also upon the realty, by vir-
tue of the curative act of 1893, ch. 293.

CIVIL ACTION to have certain agreements (one of which is
set out in the opinion of Associate Justice CLARK) declared
a lien upon the separate estate, real and personal, of the *feme*
defendant, in Newbern, N. C.

The complaint, after alleging the indebtedness and the
agreements (which were signed by the *feme* defendant, under
seal, with the written assent of her husband, and duly pro-
bated as to both, with the privy examination of the wife, and
duly registered), and further setting out the character and
location of *feme* defendant's property, alleged in the fifth
paragraph, as follows:

"That the said Theresa Cohen is possessed, in her own
right, of the said separate estate, consisting of both real and
personal estate, and as referred to and located in the said
notes and agreements herein set forth at length, and that the
said notes or agreements constitute a lien or charge upon the
same, as the plaintiffs are informed and believe."

The prayer was for judgment for sums aggregating $834.78
and interest, and that the indebtedness "be declared a lien
upon the separate estate as herein described, and the said
property constituting the said separate estate be subjected to
the payment of the above expressed amounts."

The answer denied none of the allegations of the com-
plaint except the fifth, which is given above.

The cause was heard before Hoke, J., at May Term, 1893,
of Craven Superior Court, on complaint and answer, the
answer being treated, by consent, as a demurrer. His Honor
adjudged that the contract set out and declared on in the
complaint gave plaintiff no lien on the real estate of *feme*
defendant, but that it did give a specific lien on all her sepa-
rate personal estate situated in Newbern at the date of the

contract, except such as was acquired after the date of the contract and not from the proceeds of the original separate estate, unless the same had been so mingled with the original estate that the last cannot be identified; that *feme* defendant was not entitled to her personal property exemption out of said property unless the same should be sufficient to pay the debt and costs. And it was further adjudged that the property should be sold, etc. From the judgment the defendant appealed.

*Mr. Jas. W. Waters*, for plaintiffs.

*Messrs. O. H. Guion* and *W. W. Clark*, for defendants (appellants).

CLARK, J.: In the present case the married woman executed her note, payable September 1, 1892, recited to be for value received, and further recites in the same instrument: "The said amount is due the said firm of Strouse, Loeb & Co., by myself, for goods sold and delivered to me by the said firm at the city of Newbern, county of Craven, and State of North Carolina, at which place I am engaged in the business of merchandising; and I being a married woman, and being possessed of a separate estate of both real and personal property, all of which is situated in the said city of Newbern, county and State aforesaid, and desiring to secure the payment of the above sum to the said parties constituting the said firm of Strouse, Loeb & Co.; now, therefore, be it known that I hereby convey to the said parties aforesaid, their heirs and assigns, such an interest in the said separate estate, both real and personal, as will secure the payment of the above expressed amount, hereby making the said sum a charge upon the said separate estate for the purposes herein expressed."

This is signed under seal by the wife, and the husband appends his "full consent and agreement" to the execution

of the above by his wife. The privy examination of the wife is duly had, and the instrument is probated, ordered to registration and is duly registered. The officer certifies that both husband and wife "acknowledged the execution of the foregoing instrument as their act and deed." The instrument expresses a desire "to secure the payment of the above sum to the party selling the goods," and then it proceeds, " therefore, be it known that I hereby *convey* to the said parties aforesaid, their heirs and assigns, such *an interest* in the said separate estate, both real and personal, as will *secure* the payment of the above expressed amount." Here is every essential of a mortgage. The debt and consideration for it are set out. The word " convey " is as complete a transfer as if a dozen or more synonymous words followed. *Harris* v. *Jones*, 83 N. C., 317. " To parties aforesaid, their heirs and assigns." While the words " heirs and assigns " are not necessary in a mortgage, they are customary words therein, but inappropriate and unusual in merely acknowledging a debt to be due. "Such an interest " in property already described, is held sufficient in a mortgage. *Pemberton* v. *Simmons*, 100 N. C., 316. " My real and personal estate, all of which is situated in the city of Newbern," is held a sufficient description in *Woodlief* v. *Harris*, 95 N. C., 211; *Harris* v. *Alden*, 104 N. C., 86, and other cases. Certainly these words would be sufficient in a deed, and of course in a mortgage also. " To secure the payment of the above expressed amount" makes it a mortgage, and not a simple conveyance. If, at the end of such a conveyance by a male person or a *feme sole*, there had been added, "hereby acknowledging such debt to be honestly due," no one would contend that this invalidated the mortgage, which had just so solemnly described grantor's property and conveyed it to secure the indebtedness. Yet the words added by a married woman, " hereby making said sum a charge upon said separate estate," can have the same effect, no more. While a charge is not necessarily a mort-

gage, a mortgage is necessarily a charge. The use of those words is, therefore, mere surplusage, and not contradictory of the mortgage. They surely cannot revoke the conveyance of the property "to secure such indebtedness," in pursuance of the intention just therein above recited, "desiring to secure such payment." Indeed, no particular form is essential to the validity of a chattel mortgage. It is sufficient if the words employed express in terms or by just implication a purpose to convey the property as security for the debt. A power of sale is not essential. *Comron* v. *Standland*, 103 N. C., 207. Mortgages upon a stock of goods, however precarious, are not uncommon; besides, here the mortgage is upon all the personalty of all kinds, and the realty is added. If it be true that the conveyance is defective as a mortgage of real estate, because the husband does not join in the body of the deed (*Furguson* v. *Kinsland*, 93 N. C., 337), that technicality in nowise invalidates it as a mortgage of personalty, as to which the husband has no tenancy by the curtesy to release. It is immaterial to consider whether this is cured as between the parties by chapter 293 of the Act of 1893, since there is no appeal brought up from the ruling that the mortgage was insufficiently executed as to the real estate.

There is no "beneficent provision of the Constitution" which throws additional shackles around women in the management of their separate property. The provision of the Constitution is in exactly the opposite direction, in accordance with the free spirit of the age and with the universal trend of legislation the world over. Its purpose is not to further assimilate married women to the condition of infants, but to make free women of them, to emancipate them from most of the restrictions formerly existing. To this end the Constitution (Art. X, § 6) provides that all the property of a married woman "shall be and remain the sole and separate estate and property of such female, * * * and may be devised and bequeathed, and with the written assent of her

husband, conveyed by her as if she were unmarried." Here
she has made a conveyance which would be unquestionably
good as a mortgage if made by a *feme sole*, and it is made
"with the written assent of her husband," which is the sole
restriction placed by the Constitution upon a married woman's
right to convey her own property, if she chooses to do so.
The Court cannot be astute to find an intention of the grantor
contradictory to the express words of a conveyance, nullify-
ing and revoking it. The intent is to be gathered from the
deed itself, "from the four corners" thereof. *Lowdermilk* v.
*Bostick*, 98 N. C., 299. But if such intent could be a subject
of surmise, we might well ask why, if the intent was solely
to charge the separate estate, words of conveyance were used,
and the words "heirs and assigns," and why there was a sign-
ing under seal, privy examination, probate and registration,
and further, why was there a description of the property set
out and a formal acknowledgment by both husband and
wife of the instrument as "their act and deed," since none of
these were necessary simply to charge the separate personal
estate. *Flaum* v. *Wallace*, 103 N. C , 296. If this is not a
mortgage, it will be hard to conceive what form or formality
a married woman can use to execute a valid mortgage. If
valid otherwise as a mortgage, the words added at the end
acknowledging the indebtedness as a valid charge were mere
surplusage, and certainly not intended by the parties as a
repeal of the conveyance just made under seal, with the
expressed intent of securing the debt by the property therein
described (with the written assent of the husband), not only
to the creditors, but to their heirs and assigns, privy exami-
nation, acknowledgment of the instrument as their act and
deed, and registration. The conveyance was doubtless pre-
pared between the parties themselves. L ke all laymen, they
would naturally suppose the words "hereby charging the
separate estate" to mean "hereby giving a lien" upon it,
which words would of themselves be sufficient to create a

mortgage.  *Harris* v. *Jones*, 83 N. C., 317.   This would be in accordance with and confirmatory of all the words used up to that time, and not a violent and unaccountable nullification of them.

It is true a married woman might restrict herself to simply charging her estate, but she might go further and mortgage it also, and here she used the very words and formalities which were requisite for mortgaging it, if she so desired. Doubtless she could not have gotten the goods except upon a mortgage.   The ruling of the Court below, that the mortgage is valid as to the personalty, is in accordance with both the letter and spirit of the Constitution.   It may be that, as between the parties to it, rights of third persons not having supervened, the mortgage is good also upon the realty by virtue of the curative Act of 1893, chapter 293, but the plaintiff not having appealed from the adverse ruling below, this point is not presented.                           No Error.