DENNIS CALDWELL v. MORGANTON MANUFACTURING COMPANY.

*Action for Trespass—Injunction—Deeds of Corporation—Defective Execution—Evidence.*

1. An instrument purporting to be the deed of a corporation and executed in its name by its President with the word "seal" at the end of the signature, is not effective as the deed of the corporation, either at common law or under Section 685 of *The Code*. Such deed is only the personal act of the President, and is not admissible in evidence to prove a conveyance by the corporation.

2. An instrument purporting to be the deed of a corporation, signed by the President and two members of the corporation, but not having the common seal of the corporation attached, is not effective as a deed, under Section 685 of *The Code*, for lack of the common seal, and, for the lack of such seal and attestation by Secretary, is not good at common law.

3. A recital in a deed of a corporation, properly executed, that it was executed in pursuance of an order of the board of directors, dispenses with the necessity of proving such action of the board otherwise than by the deed itself.

4. In the trial of an action for trespass in which defendant set up as a defence the ownership of an easement in the land, a deed executed to it in correction of former defective deeds was properly rejected as evidence of title where the trespass occurred before the corrected deed and after the delivery of the defective deeds.

5. Where, in an action for trespass, plaintiff prayed for an injunction, a deed to the defendant executed after the trespass should have been considered by the Court in determining the right to the injunction

CIVIL ACTION for trespass tried before *Robinson, J.*, and a jury at June, 1897, (Special) Term of BURKE Superior Court. There was judgment for the plaintiff and defendant appealed.

*Messrs. Avery & Avery,* for plaintiff.
*Mr. S. J. Ervin,* for defendant (appellant).

MONTGOMERY, J.:   This action was commenced to recover damages for an alleged trespass by the defendant company upon the lands of the plaintiff, the trespass in the language of the complaint being "for the entering upon and breaking of his close by defendant, the digging up of his land, and the building of a dam thereon for the purpose of running water across the land to be used by defendant in operating a brick-yard." The defendant denied the injury and trespass, and claimed to be the absolute owner of the easement in the land conveyed by Walton to the Asylum.

On the 15th of March, 1886, T. G. Walton, in consideration of $50, conveyed by deed to the Western North Carolina Insane Asylum the full and free use of the water of a certain branch running through a tract of land belonging to the grantor in the County of Burke, with full power on the part of the grantee and its assigns to enter upon the lands conveyed, to convey from the branch such an amount of water by pipes, ditches or otherwise over and through the lands to a brick-yard belonging to the grantee, as might be necessary for manufacturing brick at the brick-yard. The plaintiff in this action received from Walton a deed dated June 27, 1895, for part of the above described tract of land over which the easement in the nature of the water-way was granted, the deed containing a provision in these words, "Subject to the right heretofore made to The Western North Carolina Insane Asylum to convey the water over said land." As evidence of title and ownership of the easement, the defendant offered three deeds, the first was from the Western

North Carolina Insane Asylum to S. McD. Tate and John A. Dickinson, purporting to convey the easement, dated December 10, 1890. This evidence was rejected, and the refusal of his Honor to admit it, is the defendant's first exception.

The deed was executed in the name of the Western North Carolina Insane Asylum by J. W. Wilson, President, with the word "seal" at the end of the signature. That was not a good execution of the deed either at common law or under our statutory provision, *Code*, Section 685, concerning the manner of the execution of deeds by corporations. That deed was simply the personal act of the President. *Clayton* v *Cagle*, 97 N. C., 300.

The next deed offered was from the State Hospital (the changed name of the The Western N. C. Insane Asylum) to Tate and Dickinson, purporting to convey the easement, dated May 7, 1892. That deed was rejected and its rejection constitutes the second exception of the defendant. It ought not to have been received, as evidence, for the reason that there was an attempt to comply with Section 685 of *The Code*, the law then in force, and a failure to do so. It was signed by the President and two members of the company but it did not have the common seal of the company attached. The execution was not good at common law for the reason that, although signed by the President, it was not attested by the Secretary of the company with the common seal affixed.

The third deed was one from the State Hospital to the defendant Company, dated September 9, 1896, containing a recital of the first two deeds and the purpose of the grantor to convey the easement and the failure to do so on account of the faulty execution of the deeds and conveying the easement. This deed was signed by the President of the board of directors, attested by the Secretary of the company and

had the common seal attached. Its execution was therefore sufficient and valid under Section 685 of *The Code* as amended by Chapter 95 of the Acts of 1893. It also contained a recital that it was executed in pursuance of an order of the board of directors. That recital dispensed with the necessity of proving the action of the board otherwise than by the deed itself. It was rejected by his Honor, however, and properly rejected for the purposes for which it was offered. The easement was conveyed by the deed, but the injury and trespass occurred before the execution of the deed. If the defence of the defendant had been that it was using this easement at the time of the trespass, as alleged in the complaint, as the licensee of the grantor State Hospital, and not as the owner of the easement in its own right, this last mentioned deed with its recitals would have been competent evidence going to show the use of the easement by the defendant with the consent and license of the grantor.

We need not consider the special instructions prayed for by the defendant, for they were based upon the sufficiency of the legal execution of the first two deeds. The execution of the deed of the 9th of September, 1896, by the State Hospital to the defendant being properly made and conveying the easement mentioned therein, ought to have been considered by his Honor in connection with the hearing of the injunction. The easement was at that time the property of the defendant; it had a right to use it with the same privileges and rights attaching to it under the deed from Walton to the Western N. C. Insane Asylum, and the injunction ought to have been dissolved. The judgment below in respect to the injunction is reversed, while the other part is affirmed.

Modified and affirmed.

FAIRCLOTH, C. J., and FURCHES, J., dissent.