## MAY LEE ARMSTRONG v. HOME SERVICE STORES.

### (Filed 9 November, 1932.)

**Corporations G e—Failure to affix seal to corporation's chattel mortgage does not render the chattel mortgage void.**

A chattel mortgage duly executed by a corporation is not void for want of the corporate seal, but in the absence of the seal there is no presumption of corporate action and the burden of proving its authenticity is on the party claiming under it, but in this case the authorization of the execution of the chattel mortgage was admitted, and the mortgagee was entitled to a preference against other creditors of the insolvent corporation.

APPEAL by H. Bryan Duffy from *Cranmer, J.,* at February Term, 1932, of CRAVEN.

Claim for preference, filed in a receivership proceeding and based upon the following pertinent facts:

1. On 19 March, 1931, the Home Service Stores, Incorporated (now in receivership), executed a chattel mortgage on certain furniture and fixtures to H. Bryan Duffy to secure a debt of $150. This mortgage is spread upon the public registry of Craven County.

2. It is admitted that the corporate seal was not affixed to said instrument.

3. The mortgage recites that the "Home Service Stores, Incorporated, has caused this instrument to be signed in its name by its president, attested by its secretary and its corporate seal hereto affixed, all by order of its board of directors."

4. The certificate of probate conforms to the requirements of C. S., 3326, and recites that the secretary deposes and says, *inter alia,* that "said instrument is the act and deed of the said corporation."

His Honor held that the chattel mortgage was void as against creditors for want of a corporate seal; and from this ruling, the claimant, H. Bryan Duffy, appeals, assigning error.

*Charles L. Abernethy, Jr., for H. Bryan Duffy.*
*G. A. Barden for Carmichael, receiver.*

STACY, C. J. The appeal in this case was dismissed, *ante,* 231, for failure to comply with the rules; but, on motion and completion of the record, it has been reinstated.

A single question is presented for decision: Is a chattel mortgage duly authorized by a corporation and signed in its name by its president and attested by its secretary void for failure to attach the corporate seal? We think not.

It was said in *Duke v. Markham,* 105 N. C., 131, 10 S. E., 1017, 18 Am. St. Rep., 889, that a seal is not essential to the validity of a chattel mortgage whether executed by an individual or a corporation.

The party claiming under such corporate mortgage, however, would have the burden of showing its authenticity, for in the absence of the company's seal, there is no presumption of corporate action. *Duke v. Markham, supra; Despatch Line v. Bellamy Mfg. Co.,* 12 N. H., 205, 37 Am. Dec., 203. Here, the due authorization of the execution of the mortgage in question is conceded. *Jones-Phillips Co. v. McCormick,* 174 N. C., 82, 93 S. E., 449; *Benbow v. Cook,* 115 N. C., 324, 20 S. E., 453; *Comron v. Standland,* 103 N. C., 207, 9 S. E., 317; *Rawlings v. Hunt,* 90 N. C., 270; 5 R. C. L., 393.

Perhaps it should be observed that we are not dealing with a conveyance or real estate mortgage of a corporation. *Bailey v. Hassell,* 184 N. C., 450, 115 S. E., 166; *Caldwell v. Mfg. Co.,* 121 N. C., 339, 28 S. E., 475.

Error.