INVESTORS CORPORATION OF SOUTH CAROLINA, A SOUTH CAROLINA
CORPORATION V. FIELD FINANCIAL CORPORATION, A NORTH CAROLINA
CORPORATION, AND N. C. DEVELOPMENT CORPORATION, A NORTH CAR-
OLINA CORPORATION

No. 6922SC239

(Filed 18 June 1969)

1. **Deeds § 6; Corporations § 23— corporate deed — necessity for corporate seal**

In this action to set aside a conveyance allegedly made by corporate de-
fendant to defraud its creditors, the trial court properly set the convey-
ance aside upon findings supported by a stipulation of the parties that
the deed in question did not contain the corporate seal of the grantor
corporation, no curative statute having been enacted since the conveyance
was made. G.S. 47-71.1; G.S. 55-158.

2. **Deeds § 6; Corporations § 23— corporate deeds — necessity for seal**

A corporate seal is a necessary prerequisite to a valid conveyance of
real estate by a corporation. G.S. 47-41.

3. **Deeds § 6; Corporations § 23; Fraudulent Conveyances § 3—
deed invalid for lack of corporate seal — equitable effect — innocent
purchaser for value**

In this action to set aside a conveyance allegedly made by one corporate
defendant to another for the purpose of defrauding the creditors of the
grantor corporation, equity will not give effect to the purported deed which
is invalid because the seal of the corporate grantor is not affixed thereto,
where the trial court finds that defendant purchaser is not an innocent
purchaser for value without notice that defendant grantor was seeking to
conceal assets from its creditors.

APPEAL by defendants from *Collier, J.,* Spring Session 1969, IRE-
DELL County Superior Court.

Investors Corporation of South Carolina (plaintiff) instituted
this civil action for the purpose of setting aside and declaring in-
effective a deed dated 23 December 1964 from defendant Field Fi-
nancial Corporation (Field) to defendant N. C. Development Cor-
poration (Development). The deed conveyed a parcel of real estate
located in Statesville Township, Iredell County, North Carolina.
Plaintiff alleged that the conveyance was made for no consideration
and for the purpose of removing the assets of Field from its cred-
itors; the conveyance did not have a corporate seal affixed thereto;
at the time of the conveyance, Field was indebted to the plaintiff;
and said indebtedness was later reduced to judgment on 8 December
1965 in Mecklenburg County, North Carolina. The defendants ad-
mitted the conveyance from Field to Development. However, the
defendants asserted that it was done for a valuable consideration and

denied that the conveyance was made in an effort to defraud any creditors of Field. Judge Collier heard the matter without a jury, and after finding certain facts, he made the following conclusions of law:

"Based upon the foregoing Findings of Fact upon the evidence presented by the Plaintiff and by the Defendants, the Court makes the following Conclusions of Law:

1. That the transaction between the Defendant, Field Financial Corporation, and the Defendant, N. C. Development Corporation, was not an arms length transaction, and that the Defendant, Field Financial Corporation, was attempting to protect its assets from its creditors, and that the signing and recording of said deed was made in an effort to defraud the creditors of Field Financial Corporation.

2. That the aforementioned document purported to be a corporate deed was erroneously probated by the Register of Deeds and was insufficient to pass title because said document did not contain the corporate seal of the Defendant Field Financial Corporation.

3. That either of said conclusions requires the Court to set aside the aforementioned deed from Field Financial Corporation to N. C. Development Corporation.

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1. That the purported deed from the Defendant, Field Financial Corporation, to the Defendant, N. C. Development Corporation, be ordered set aside and that title to said property be vested in the Defendant, Field Financial Corporation, subject to the various creditors as provided by law.

2. That the costs of this action be taxed against the Defendants.

This the 24th day of October, 1968.

/s/ Robert A. Collier, Jr.,
Robert A. Collier, Jr.
Judge Presiding"

From the entry of this judgment, the defendants excepted and appealed to this Court.

*Scarborough, Haywood & Carson by James H. Carson, Jr., for plaintiff appellee.*

*Hovey and Warlick by George D. Hovey for defendant appellants.*

CAMPBELL, J.

[1]   When the case was called for oral arguments in this Court, the defendants demurred *ore tenus* to the complaint for failure to state a cause of action on the grounds of fraud. However, we find it unnecessary to rule on this demurrer because the complaint alleges that the corporate seal of Fields was not affixed to the conveyance in question. In his findings of fact, Judge Collier found that the corporate seal of Field was not affixed to the deed of conveyance and that there was no corporate seal on said conveyance. The parties stipulated "that the deed recorded in Iredell County Registry in Book 404, at Page 243, from Field . . . to . . . Development . . . may be admitted in evidence and that it did not contain a corporate seal of the grantor nor any revenue stamps". This stipulation supported the findings of fact by Judge Collier, and the findings of fact supported the conclusions of law and the judgment setting aside the deed of conveyance.

[2]   A corporate seal is a necessary prerequisite to a valid conveyance of real estate by a corporation. *Caldwell v. Mfg. Co.*, 121 N.C. 339, 28 S.E. 475. G.S. 47-41 sets out the forms of probate for a deed and other conveyances executed by a corporation and reveals the necessity of having a corporate seal. In *Withrell v. Murphy*, 154 N.C. 82, 69 S.E. 748, the corporate seal had been affixed to a deed of conveyance, but the acknowledgment by the corporate officers failed to acknowledge that the seal so affixed was the seal of the corporation. The Supreme Court held that this conveyance was, therefore, ineffectual as to the corporation's creditors.

[1]   There have been curative statutes validating corporate conveyances where the corporate seal has been omitted. The last such statute was enacted in 1963 and provides:

> "Any corporate deed, or conveyance of land in this State, made prior to January 1, 1963, which is defective only because the corporate seal is omitted therefrom is hereby declared to be a good and valid conveyance by such corporation for all purposes and shall be sufficient to pass title to the property therein conveyed as fully as if the said conveyance were executed according to the provisions and forms of law in force in this State at the date of the execution of such conveyance." G.S. 47-71.1.

This statute, however, only serves to accentuate the necessity of a corporate seal in order to make a corporate conveyance of real estate valid and effectual.

Another curative act is contained in G.S. 55-158 which provides:

> "*Certain corporate conveyances validated.* — All deeds and conveyances of land in this State, made by any corporation of this State prior to January first, one thousand nine hundred fifty-seven, executed in its corporate name and signed and attested by its proper officers, from which the corporate seal was omitted, shall be good and valid, notwithstanding the failure to attach said corporate seal."

Since the deed in the instant case was executed on 23 December 1964 and since the corporate seal was omitted and no curative act has made this conveyance effective without the corporate seal, we hold that the judgment of Judge Collier setting this conveyance aside was correct.

[3]     Development seeks to have the deed of conveyance in question construed to be an effective instrument under an equitable doctrine enunciated in *Willis v. Anderson,* 188 N.C. 479, 124 S.E. 834. In other words, Development takes the position that it purchased the land from Field; it paid a valuable consideration for the land; therefore, it should be permitted to retain the land even as against the creditors of Field. However, in order to sustain this position, it would be incumbent upon Development to establish that it was an innocent purchaser for value from Field without any notice that Field was seeking to conceal assets from creditors. The burden of establishing this would fall upon Development. Judge Collier found, however, that the transaction between Field and Development was not an arms length transaction; A. H. Field served as president of each corporation and represented both Field and Development in this transaction; Field was attempting to protect its assets from its creditors; and, in short, Development was not an innocent purchaser for value from Field. Therefore, regardless of whether the complaint properly alleged fraud, Development fails to sustain its position as an innocent purchaser for value. The conveyance from Field to Development did not have a corporate seal and it was proper for Judge Collier to set it aside.

In view of this holding it is unnecessary to discuss the other assignments of error.

Affirmed.

BROCK and MORRIS, JJ., concur.