JOHN C. McCOWN, Adm'r, *v.* HERBERT H. SIMS.

Under the new Constitution, and since the adoption of the C. C. P., a civil action may be brought upon a note without seal, and an allegation may be made that the note was intended to be under seal, but that the seal was omitted by accident or mistake, and upon sufficient proof the accident or mistake may be corrected and a recovery had accordingly.

In an action involving the correction of a mistake in omitting to put a seal to a note, the circumstances that the note was taken by way of accommodation for another, to which the seal was attached, that the words "witness my hand and seal" were in the note, and that the parties were a sister and brother of the half blood living in the same house on terms of the most intimate family relations, are all admissible in evidence tending to prove that a seal was intended to be put to the note, but was omitted by accident or mistake.

This was a CIVIL ACTION brought upon a promissory note without a seal, but it was alleged in the complaint that the parties to it intended to annex a seal, but it was omitted by fraud, accident or mistake. This was denied in the answer,

and upon the trial at the last Superior Court of ORANGE county, before his Honor, *Tourgee, J.*, the following appeared to be the case :

The plaintiff introduced one Link, who testified that he gave his note in 1856 to defendant's intestate for the purchase of a negro ; that on calling upon her to pay it, she referred him to the defendant, who was her half brother living in the same house with her ; that the note was endorsed to the defendant, and witness paid it and took it up. The note was produced by witness and had the usual scrawl for a seal annexed to it.   This testimony was objected to by the defendant's counsel, but upon the plaintiff's counsel contending that it was relevant and proper, because, as they alleged, it was the foundation of a transaction between the defendant and his sister, by which he had given his note to her in exchange for the Link note, and because it afforded evidence tending to show that it was intended by the parties that the new note should also have a seal, it was admitted by the Court.

The plaintiff was then introduced and testified that he and the intestate, who was his sister of the whole blood, and the defendant, who was brother of the half blood, all lived in the same house on terms of the most intimate family relations ; that the defendant gave the note now in suit which was written by himself, in exchange for the Link note, which had been collected by the defendant as testified by Link.

The defendant's counsel moved the Court to instruct the jury :

1. That there was no evidence before them that it was intended by the intestate and the defendant that there should be a seal to the note sued upon, and

2. That according to the evidence the action was barred by the statute of limitations.

These instructions were refused, and his Honor instructed the jury upon the following issue, which had been sub-

mitted to them : " Did the parties to the note intend the same to be an instrument under seal, *or* did the payee suppose the same to be under seal at the time of delivery." He told them that if they believed the parties intended there should be a seal to the instrument, or that the intestate supposed there was a seal to it, they should find for the plaintiff. Under this charge the plaintiff had a verdict, upon which the Court rendered judgment, from which the defendant appealed.

*W. A. Graham,* for the defendant.
*Battle & Son,* for the plaintiff.

Pearson, C. J. "Equity will relieve by reforming an instrument which does not carry into effect the intention of the parties by reason of 'fraud, accident or mistake.'" The application of this doctrine to our case was not drawn in question in the Court below, or on the argument and brief filed in this Court. So the only matter for our consideration is, has " fraud, accident or mistake " been proved according to law ?

We see no error in the ruling as to the questions of evidence. The fact that A assigns to B the note of C, who comes to make payment, and that the assignment is made for the *accommodation of B,* taken in connection with the fact that the note assigned was *under seal,* raises an inference that the note taken in *substitution* was, as a matter of course, to be also under seal; connect this with the fact that the substituted note is written " witness *my hand and seal ;*" connect this with the fact that B, is the half brother of A, living in the same house on terms of the most intimate family relations and confidence. These facts and circumstances in our opinion furnish evidence fit to be considered by a jury.

The issue is in the *disjunctive :* " Did the parties to the

note intend the same to be an instrument under seal, *or* did the payee suppose the same to be under seal at the time of its delivery? But the jury find *both of these facts in the affirmative*, and thus make the issue in the *conjunctive*, to-wit: the parties intended that the note should be under seal, *and* the payee supposed it was under seal; the latter part of the proposition being a mere corollary of the first, for if the parties intended the note should be under seal, of course the payee had a right to suppose that such was the fact, as the maker was relied on to do the writing, and its not being so must be ascribed either to fraud, accident or mistake. So the case is brought within the operation of the principle announced above.

There is no error.

PER CURIAM.                                Judgment affirmed.