L. D. STARKE v. THOMAS J. ETHERIDGE and JAMES S. SANDERLIN.

Where a deed was proved before the Clerk of the late County Court, who wrote opposite the witness' name the word " Jurat," and who swore that the witness did prove the deed: *Held* to be a sufficient compliance with the law, to authorize the registration of such deed.

That a sale, authorized under a deed of trust, is postponed for three years, is no such presumption of fraud as will avoid it, when no possession of the land conveyed, nor other benefit, is reserved to the grantor.

(*McKinnon* v. *McLean*, 2 Dev. & Bat. 79; *Carrier* v. *Hampton*, 11 Ired. 307; *Justice* v. *Justice*, 3 Ired. 58; *Moore* v. *Eason*, 11 Ired. 568;—— 2 Hay. 291; *Horton* v. *Hagler's Ex'r.*, 1 Hawks, 48; *Freeman* v. *Hatley*, 3 Jones, 115; *Hardy* v. *Skinner*, 9 Ired. 191; *Hardy* v. *Simpson*, 13 Ired. 132, cited and approved.)

CIVIL ACTION, originally a bill in equity under the old system for the purpose of removing a trustee and appointing a receiver, submitted to and determined by *Moore, J.*, at the Spring Term, 1873, of CAMDEN Superior Court.

The material facts pertinent to the points decided in this Court, and agreed, are substantially as follows:

On the 4th day of April, 1867, the defendant Etheridge executed a deed of trust to the other defendant, Sanderlin, to secure certain persons who were his bondsmen and sureties. The bill in equity was filed to remove Sanderlin from the trusteeship and to get possession of the rents and profits of the lands conveyed in the trust, for the benefit of the *cestui que trust*. Pending this suit, the interest of the defendant, Etheridge, in all the lands described in and conveyed by him in said trust deed, was sold under execution issued from the United States Circuit Court for the District of North Carolina, which interest was purchased by the plaintiff, L. D. Starke. The execution bore test after the date of the registration of the deed of trust. The plaintiff, Starke, had the Marshal's deed, which was duly registered. In the progress of the cause, all the parties named in the trust were made parties to the suit.

The deed of trust was spread out at large upon the records of the Register's office of Currituck county. Against the name of C. W. Grandy, Jr., the subscribing witness, the word "Jurat" is written in the hand writing of Joshua W. Baxter, the then Clerk of the County Court of said county; and he testifies that Grandy, the witness, had proved the execution of said deed of trust before him, and that he had affixed the word "Jurat" to the signature of the said witness, as his private mark or memorandum, showing that the said deed had been proven before him. The probate, however, was not drawn out upon the deed itself, or upon the records of the Register's office.

It is provided in said deed that it was not to be closed until a sale of the land should have been requested by any of the parties interested, and such sale advertised for forty days after the 1st January, 1870. The defendant, Etheridge, and W. W. Sanderlin, the *cestui que trust*, are both discharged bankrupts.

Upon a motion to sell two tracts of the land for the benefit

of those interested under the deed, the plantiff, Starke, interposed and contended among other things :

1. That the said deed of trust was fraudulent and void as to the creditors of T. J. Etheridge, the grantor ;

2. That he, Starke, was the lawful owner of said lands, by virtue of the U. S. Marshal's deed to him ;

3. That said deed was void, because no probate was drawn out and spread upon the record thereof; nor is there any evidence that the same was ever drawn out upon the deed itself, the original deed being lost.

Other objections were pressed by the plaintiff's counsel, but as they do not relate in any manner to the points decided, are omitted.

His Honor below ruling all the points made against him, the plaintiff appealed.

*Smith & Strong,* for appellant.
*Busbee & Busbee,* contra.

BYNUM, J. The plaintiff, Starke, who was the purchaser at the execution sale, insists that the deed in trust is void as to him, upon two grounds :

1. For want of probate in due form. Bat. Rev., chap. 35, sec. 1, provides that no conveyance of land shall be good and available in law, unless the same shall be acknowledged by the grantor or proved on oath, by one or more witnesses, in the manner thereafter directed, and registered in the county where the land shall lie.

And the 2nd section provides that " all deeds, &c., required or allowed to be registered, may be admitted to registration in the proper county, upon being acknowledged by the grantor, or proved on oath, before the Judge, &c., or before the Clerk of such county, or his deputy."

The specific objection of the plaintiff, Starke, is that there was no adjudication of probate by the Clerk, and no order of

registration, and that the registration on that account was void. as to him.

It will be observed that the language of the statute requires neither an adjudication of probate or an order of registration, but only that " all deeds, &c., may be admitted to registration upon being acknowledged by the grantor, or proved on oath before the Clerk, &c."

It is true that an adjudication and order *in ipsissimis verbis* endorsed upon the deed, would be regularly, orderly and more in conformity with the certainty and precision of judicial proceedings, and this course is, therefore, advisable always, yet it is not required as essential, either. by the letter or spirit of the registry act. And should this objection be now allowed to prevail, we apprehend that it would shake the titles of. a large portion of the land owners of the State, owing to the untechnical form of these probates, which are usually made without the aid of counsel, and by officers unskilled in the laws.

The facts agreed upon are that the deed " was proved on the oath of the subscribing witness " before the Clerk, who endorsed upon the deed the word. " *Jurat* " opposite the name of the witness, " as a memorial of the fact," showing that the deed had been proven before him ; but that the probate of said deed. was not drawn out upon the deed itself," or upon the records of the register's office.

The statute before cited no where requires, and no decision of our Courts goes the length of establishing that there must be a formal written adjudication of probate, or order of registration endorsed upon the deed itself, or recorded elsewhere, however proper that it should be so done. The act prescribing the mode of probate and registration, Bat. Rev., chap. 35, draws a distinction between deeds and other instruments, acknowledged or proved before the Clerk himself, and those deeds and instruments which are not proved before him, but are proved before another tribunal, as out of the State, for instance, or by a commission issued for that purpose.

Take section 7 of the act, as an example : That provides

that " where the acknowledgement or proof of any deed or other instrument, is taken or made in the manner directed by the laws of the State, before any commissioner, &c., and where such acknowledgment or proof is certified by such commissioner, the Judge of Probate having jurisdiction, upon the same being exhibited to him, shall *adjudge* such deed or other instrument to be duly proved, in the same manner as if made or taken before him." The same language, " *adjudge,*" is used in all cases named in chapter 35, where the probate is to be taken by an officer other than the Judge of Probate himself, but is no where used where *he* takes the proof of a deed to be registered in his county. The reason of the distinction is obvious. The statute *prescribes* the mode for taking foreign probates, and directs that deeds so probated shall be registered only where the Clerk *adjudges* that the statute requirements have been complied with, and *orders* the registration. It may be, and is perhaps, necessary in these cases, that this *judgment* and *this order* thus especially enjoined to be made by the Clerk or Judge of Probate, should be formally recorded and perpetuated. But in regard to his own Probates in his own Court, the law imposes no such duty upon the Clerk, but only prescribes that the deed shall be proved before him, which in this case was done. The *fact* of probate, in due form, is admitted in the case agreed, but it is contended that the registration thereupon, is void as to the plaintiff, unless that probate is evidenced by a formal judgment and order, endorsed upon the deed. As the statute does not require any such written formula, we do not feel at liberty to say it is necessary.

In our case not only was the letter of the law complied with by an actual probate, but the spirit of the law was also followed.

The act of 1829, chap. 20, Bat. Rev., chap. 35, sec. 12, is entitled ".An act to prevent frauds in deeds of trust and mortgages," and provides " that no deed in trust or mortgage for real or personal estate shall be valid to pass any property as against creditors or purchasers from the donor or mortgagor,

but from the registration of such deed of trust or mortgage.''
The object of this act certainly was to prevent fraud, and to
that end it requires all encumbrances upon estates to be regis-
tered, so that purchasers and creditors might have notice of
their existence and nature, and that all persons might see for
what the encumbrance was created.

When registration is made the means of knowledge thus
furnished, it enables creditors of the mortgagor to avail them-
selves of their legal remedy against the equity of redemption
in the land.   This publicity affords the creditor all the benefit
he can reasonably ask or that the law intended.

Why then, is it required to prove the deed before the Clerk,
instead of requiring its registration at once without probate?

In *McKinnon* v. *McLean,* 2 Dev. & Bat. 79, it is said,
" The person taking the probate does not adjudge and decide
the instrument to be a deed, but only sees that the person
offered as a witness to prove it is the person who attested it,
and he certifies that the execution was proved by that witness.
The *factum* and the identity of the witness are all that the
certificates concludes.".

The probate of a deed is but a memorial that the attesting
witness swore to the *factum* of the instrument by the parties
whose act it purports to be.   The officer who takes the probate
does not look into the instrument or the interests acquired
under it, and as the probate is *ex parte,* it does not conclude
Therefore it may be shown by parol that what purports to be
a deed is no deed, but a forgery, or was executed by a married
woman or an infant, or was not proved so as to make the deed
valid, or that it was not proved at all prior to registration, or
was proved by an incompetent witness, as in the case of *Car-
rier* v. *Hampton,* 11 Ired. 307.   See also *McKinnon* v.
*McLean,* 2 Dev. & Bat. 79.

As the validity of the registration may be thus impeached
so it may be supported by the same kind of evidence.   *Justice*
v. *Justice,* 3 Ired. 58 ; *Moore* v. *Eason,* 11 Ired. 568.

But assuming that some written memorial of the fact of

probate is necessary, it still appears that at the time of probate, the officer who took it did indicate his official act by endorsing upon the deed the word "jurat," (*juratus,*) the primary meaning of which is "sworn," but the derivative signification is "proved." In support of the deed, *ut res magis valeat quam pereat,* such an endorsement upon an instrument, in all respects regularly executed and *bona fide,* will be held a sufficient compliance with the law against one who now claims against, after having previously claimed under the deed.

This view of the law is sustained by various decisions of our Courts.

Where the records of the Court of Admiralty were loosely kept on slips of paper, depositions were allowed to be read to prove that an order of sale of property was made in a cause. 2 Hay. 291.

In *Horton* v. *Hagler's, executor,* 1 Hawks. 48, it was held that when the Clerk of a Court of Record certifies that an instrument has been " *duly proved,*" it is implied that every thing required by law has been. complied with, upon the maxim, *Res judicata pro veritate accipitur.* But when the record also states *how* it was proved and admits a material circumstance required by law, the certificate of *due proof* is disregarded because the certificate itself shows that it was not duly proved.

So in *Freeman* v. *Hatly,* 3 Jones 115, it was held that inasmuch as no statute in our State required the register to put in his books the fact that a deed was *duly proved,* and none which required the probate before the Clerk to conform to any particular formula, there was no mode provided by statute of proving that a deed was duly proved when the deed itself is lost and the record that should establish the fact has been destroyed ; in such case, therefore, the proof must be made according to the rules of the common law, with the aid of the maxim, *omnia presumuntur rite acta, &c.*

II. The second objection is also untenable, to-wit : that the

deed is fraudulent and void because the sale is postponed by it for near three years.

A deed in trust postponing a sale of the trust property for three years, and in the meantime reserving the possession to the grantor, without explanation, is *prima facie* fraudulent as to creditors, but the presumption of fraud may be rebutted by proof. *Hardy* v. *Skinner*, 9 Ired. 191.

But where the deed, as in our case, does not reserve the possession or any other benefit to the grantor, no such presumption can arise, because the title is vested in the trustee and with it the right of immediate possession.

So far as it appears to us, it was the duty of the trustee to enter into possession upon the execution of the deed, receive the rents and profits, and apply them in discharge of the trust debts. *Hardy* v. *Simpson*, 13 Ired. 132.

III. Whether the plaintiff, if he had the legal title by his purchase, could recover in this suit begun in Equity prior to the Code, we do not decide, as the objection is not raised. All the parties in interest are before the Court and ask for an adjudication of their respective rights, and to that end we have considered the case as if properly constituted in this Court.

The other points raised below, properly enough are not pressed in this Court, and, therefore, are not noticed in this opinion.

PER CURIAM.                                Judgment affirmed.