S. S. QUINNERLY v. SAMUEL QUINNERLY.

*Probate Certificate, presumptive evidence that probate was properly taken — Mortgage — Priority—Notice — Registration— Vendor's Lien.*

1. Where the certificate of the Probate Court did not state that the execution of a mortgage had been acknowledged by the grantor or proved by a witness, but merely recited that the mortgagee had "procured the same to be proved by this Court," the presumption is that the probate was properly taken.

2. No lien for the unpaid purchase-money exists in favor of a vendor who has conveyed land by deed; nor can the vendor reserve a lien except by taking his security in writing and having it duly registered.

3. No notice to a purchaser of land, however full and formal, will supply the place of registration; therefore, a mortgage given for the purchase-money of land is not entitled to priority over a second mortgage which is filed first, though the second mortgagee has notice thereof.

CIVIL ACTION, heard at Fall Term, 1893, of PITT Superior Court, before *Hoke, J.*, on a case agreed, the facts being substantially as follows:

On the 18th day of December, 1875, Samuel Smith and wife sold and conveyed to the defendant Samuel Quinnerly a certain tract of land in Pitt county, by deed, which was duly probated and registered in said county.

Upon the same day and date, and for the purpose of securing the unpaid balance of the purchase-money, the defendant Quinnerly simultaneously reconveyed the said land by mortgage deed to the vendor, Samuel Smith, which was recorded in the office of the Register of Deeds of Pitt County on the *10th day of September, 1877.* On the 5th day of January, 1877, for money loaned, the defendants Samuel Quinnerly and wife, Sarah P. Quinnerly, executed

10

and delivered their mortgage deed upon the said land, including therein seventy acres, more or less, not embraced in plaintiff's mortgage, to the defendants Caroline L. Nelson and Susan C. Williams; and on the *13th day of January, 1877,* said mortgage was admitted to probate, and upon order of the Probate Court was registered. In a commission to a Justice of the Peace to take the privy examination of the wife of the mortgagor was a recital that the mortgagees had "procured the same (the mortgage) to be proved by this Court." There was no other recital as to acknowledgment or proof of execution by the mortgagor.

Samuel Smith assigned the mortgage executed to him, and for the foreclosure of which this action was instituted, to the plaintiff, S. S. Quinnerly. Sarah Quinnerly, the wife of the mortgagor, died before the commencement of the action.

Upon these facts his Honor adjudged that the mortgage to Mrs. Williams and Mrs. Nelson was properly proven and had priority to the mortgage to Samuel Smith, which was assigned to the plaintiff, and from this judgment the plaintiff appealed.

*Messrs. Latham & Skinner,* for plaintiff (appellant).
*Mr. O. H. Guion,* for defendant.

CLARK, J.: The plaintiff contends that the probate of the mortgage to Nelson and Williams was insufficient to render the registration thereof valid. The ground assigned is that the Probate Court did not adjudge that the mortgage had been acknowledged by the grantor, or its execution proved by the witness thereto. It merely recites that the mortgagee had "procured the same to be proved by this Court." It is true, as contended by the plaintiff, that, if the probate

was in fact insufficient, the registration was invalid and of no effect. *Todd* v. *Outlaw*, 79 N. C., 235, and cases there cited. And there are numerous cases since. *Long* v. *Crews*, 113 N. C., 256. But there was no evidence to show that the probate here was insufficient. The presumption is that it was properly taken. In *Starke* v. *Etheridge*, 71 N. C., 240, it is said (page 245): "The probate of a deed is but a memorial that the attesting witness swore to the *factum* of the instrument by the parties whose act it purports to be. The officer who takes the probate does not look into the instrument or to the interests acquired under it, and, as the probate is *ex-parte*, it does not conclude. Therefore, it may be shown by parol that what purports to be a deed is no deed, but a forgery; or was executed by a married woman or an infant; or was not proved so as to make the deed valid; or that it was not proved at all prior to registration; or was proved by an incompetent witness, as in the case of *Carrier* v. *Hampton*, 11 Ired. (33 N. C.), 307. See also, *McKinnon* v. *McLean*, 2 Dev. & B. (19 N. C.), 79. As the validity of the registration may be thus impeached, so it may be supported by the same kind of evidence. *Justice* v. *Justice*, 3 Ired. (25 N. C.), 58; *Moore* v. *Eason*, 11 Ired. (33 N. C.), 568." Accordingly, in that case (*Starke* v. *Etheridge*), in which there was no probate on the deed, or on the record of its registration, beyond the word "Jurat," written opposite the name of the subscribing witness, an admission that the deed had been in fact properly proved before the proper officer cured the defect. Here the recital in the probate that the mortgagees Nelson and Williams "had procured the same to be proved," not being impeached, is conclusive of sufficient and proper proof. *Horton* v. *Hagler*, 1 Hawks (8 N. C.), 48; *Devereux* v. *McMahon*, 102 N. C., 284.

The plaintiff further contends that his mortgage, being for the unpaid purchase-money, is entitled to priority over

the Nelson mortgage, though registered after it, and that Nelson and Williams had notice that the purchase-money had not been paid. As to this, it will be sufficient to quote from *Blevins* v. *Barker*, 75 N. C., 436 (on page 438): "Under the act of 1829 (now section 1254 of *The Code*) no notice to the purchaser (here the defendant), however full and formal, will supply the place of registration. *Robinson* v. *Willoughby*, 70 N. C., 358; *Fleming* v. *Burgin*, 2 Ired. Eq. (37 N. C.), 584; *Leggett* v. *Bullock*, Busb., 283; *Miller* v. *Miller*, Phil. Eq. (62 N. C.), 85. It is altogether too late to contend that the vendor of real estate, who has conveyed it by deed, has a lien upon the land for the purchase-money; nor can the vendor reserve a lien, unless he take his security in writing and have it registered. All secret trusts, latent liens and hidden encumbrances are, and were intended to be, cut up by the roots, by force of our registration laws. And since the decision of this Court in *Womble* v. *Battle*, 3 Ired. Eq. (38 N. C.), 182, the law as here announced has been considered as well settled in North Carolina."

No Error.