ALLEN J. WITHRELL v. WILLIAM MURPHY and GEORGE MOON.

(Filed 20 December, 1910.)

1. Deeds and Conveyances—Invalid Registration—Title.

The registration of a deed not duly proved is ineffectual to pass title to lands against creditors and purchasers.

2. Deeds and Conveyances—Seal.

Where a corporate act must be executed by an instrument under seal and the corporation had adopted a common seal, the corporation speaks through and by its seal.

3. Same—Corporate Act—Evidence—Interpretation of Statutes.

When it does not appear from the probate of a corporation's deed to lands that the seal affixed is the common seal of the corporation or that it was affixed by the proper officers of the corporation, it is not a substantial compliance with Revisal, sec. 1005, and the deed is ineffectual to pass title to the lands as against creditors and purchasers.

4. Same—Official Acts.

A corporation's deed is defective which fails to show by its certificate, read in connection with the deed, that the corporate officials acknowledged the instrument as the act and deed of the corporation, or that the official executing the deed in behalf of and under authority from the corporation acknowledged it to be "his" act and deed, as such.

5. Corporations—Receivers—Status of Property—Interpretation of Statutes.

Upon the appointment of a receiver of an insolvent corporation, all the real and personal property, etc., wherever situated,

vests in the receiver (Revisal, sec. 1224), "impressed with all existing rights and equities,·and the relative rank of claims and standing of liens remains unaffected by the receivership."

APPEAL from *Councill, J.*, at Spring Term, 1910, of YANCEY.

This was an action brought to try the title to certain tracts of land described in the complaint, for possession thereof and for the annual rental value. The defendant disclaimed any title to or interest in tract 2 described in the complaint. The questions involved are presented upon agreed facts, as follows:

"It is agreed by both plaintiff and defendants that they hold under a common source, to wit, the National Graphite Company. The plaintiff's first chain of title from the National Graphite Company is a deed of trust from the National Graphite Company to George N. Stone, trustee, dated November, 1903, a copy of which is hereto attached and marked 'Exhibit A.'"

To which the defendant in apt time objected, on the ground that the same had not been sufficiently proven, probated and registered in the county of Yancey.

The plaintiff then offered a deed dated 13 January, 1909, from George N. Woodley, successor in trust of Allen J. Withrell, the plaintiff, a copy of which is hereto attached and marked "Exhibit B" and made a part of the facts agreed.

No other advertisement or notice of sale was made other than that provided for in the deed of trust aforesaid, and recited in the deed, "Exhibit B."

It is agreed that the annual rental value of the lands described in the complaint, other than the second tract, is $50 per year.

It is agreed: That the trustee Woodley is a nonresident of North Carolina, and was such at the time of the advertisement and sale of the property under the deed of trust. That the defendants claim title by virtue of and offered in evidence the following: an action instituted in the Circuit Court of the county of St. Joseph, in the State of Indiana, between the stockholders of the said National Graphite Company, alleging the insolvency of the said company and various other matters and things, and praying for the appointment of a receiver to take

over its assets and wind up its affairs. That William A. Rutherford was duly appointed receiver for said corporation by said Circuit Court of St. Joseph County, on 30 June, 1905. That thereafter, upon the petition of the said William A. Rutherford, filed in the Superior Court for the county of Yancey, in the State of North Carolina, the said William A. Rutherford was duly appointed ancillary receiver for said court and directed to take into his control all the assets of the said company within the State of North Carolina and to hold and dispose of the same, subject to the order of the said Superior Court for Yancey County. That the said Rutherford thereafter resigned as such receiver, and it being made to appear to the said Superior Court of Yancey County that one A. D. Harris had been appointed in his stead by said Circuit Court for the county of St. Joseph, State of Indiana, the said Harris was, on 26 January, 1906, duly appointed receiver for the said National Graphite Company instead of the said William A. Rutherford, by said Superior Court for the county of Yancey, and fully qualified as such. Said receiver thereafter duly reported to said Superior Court for Yancey County, as assets of said National Graphite Company, the land described in said deed of trust marked "Exhibit A" and hereto attached, other than that part thereof hereinafter described in the deed of D. M. Hampton to George W. Moon. That said receiver, at September Term, 1906, of said Superior Court of Yancey County, duly reported to said court outstanding debts and liabilities of said National Graphite Company as follows: the indebtedness secured by said deed in trust hereto attached and marked "Exhibit A." Indebtedness to James Murphy, of Yancey County, North Carolina, for work and labor performed, $125, and the judgments next hereinafter referred to and set out.

That prior to the appointment of said receiver a judgment in favor of one D. M. Hampton against said National Graphite Company was duly rendered in the Superior Court of Yancey County, and duly docketed in said county, a copy of which said judgment and the complaint on which it was rendered being hereto attached and marked "Exhibit C."

That, also, prior to the appointment of said receiver, a judgment in favor of one W. W. Chapman against said National Graphite Company was duly rendered by said Superior Court for Yancey County, and duly docketed in said county, a copy of which said judgment and the complaint on which the same was rendered being hereto attached and marked "Exhibit D."

That prior to the appointment of said receiver there was also duly rendered and docketed in the office of the Clerk of the Superior Court of Yancey County, in the case of J. H. Chapman v. The National Graphite Company, a judgment, a copy of which is hereto attached and marked "Exhibit E." That said judgment was for services of the plaintiff rendered to said company as night watchman over its property.

That thereafter, by order of the said Superior Court of the county of Yancey, a copy of which said order is hereto attached and marked "Exhibit F," said receiver, A. D. Harris, after advertisement as provided in said order and not otherwise, sold the lands described in said "Exhibit A" other than those described in the said deed of D. M. Hampton to George Moon, at public auction, at the courthouse door in the county of Yancey, at which sale George W. Moon became the last and highest bidder for said lands, at the price of $3,055. That said sale was thereafter duly confirmed by said Superior Court for Yancey County, and said receiver duly executed and delivered to said Moon a deed in fee simple for the land hereinbefore mentioned, dated 30 October, 1907. Said report was duly filed in said Superior Court for Yancey County on 5 September, A. D. 1907, and no exceptions or objections having been made thereto, and the order confirming the sale duly entered at September Term, 1907, of Yancey Superior Court, and that the said deed to the said Moon was duly registered in the county of Yancey on 2 April, A. D. 1910.

It is agreed that none of the trustees mentioned in the deed of trust marked "Exhibit A" were parties to the suit instituted in the Circuit Court of St. Joseph County, in the State of Indiana, or to the ancillary proceedings in the Superior Court for the county of Yancey, and it did not appear and was not

shown that any of the bondholders were parties to said suits or proceedings. That the moneys received by said receiver at the sale of said lands were applied under the orders of the said Superior Court for the county of Yancey to the discharge and payment of the indebtedness of the said company in this State, including the judgments hereinbefore mentioned,. and the surplus thereof, under order of the court of Yancey County, was forwarded to the said Circuit Court for the county of St. Joseph. It is agreed that two of the bondholders, to wit, Allen J. Withrell and Fred W. Mack, did not receive any portion of the funds arising from the receiver's sale, and it did not appear as to whether or not any other bondholder received any portion of said moneys arising from said sale by the receiver.

It is further agreed that execution duly issued on 1 May, A. D. 1905, prior to the appointment of said receiver, on a judgment in favor of D. M. Hampton hereinbefore mentioned, a copy of which is hereto attached and marked "Exhibit C," and that the Sheriff of Yancey County, pursuant thereto, duly levied on and sold all of that part of the lands described in "Exhibit A" other than that described in the deed hereinbefore mentioned, from A. D. Harris, receiver, to George W. Moon, and that the defendant George W. Moon, by mesne conveyances duly recorded in said county of Yancey, acquired such title in said lands as the purchaser at said execution sale acquired thereto; the land herein referred to being that portion of the land in dispute, described in a certain deed from D. M. Hampton to George W. Moon, registered in the office of Register of Deeds of the county of Yancey, in Book of Deeds 31, at page 495.

That at the sale made by the trustee, pursuant to the power in the deed of trust marked "Exhibit A," the defendant George W. Moon appeared and publicly announced his claim to said land and protested against the sale thereof.

That all of the sales and conveyances and judgments, under which the defendants claim, were made, executed, delivered, and recorded prior to the sale and conveyance by the trustee, pursuant to the power contained in the deed in trust marked "Exhibit A," except the deed of A. D. Harris, receiver, to said

WITHRELL *v.* MURPHY.

George W. Moon, which was executed and delivered prior to said sale and conveyance, but not recorded until afterward and subsequent to 31 December, 1903.

The deed of trust referred to as "Exhibit A" was objected to for the reason that its execution had not been properly acknowledged. This is as follows:

In witness whereof, the National Graphite Company has caused these presents to be sealed with its corporate seal and to be signed in its name by its president and attested by its secretary; and to evidence his acceptance of the trust hereby created, the said party of the second part has hereunto affixed his hand and seal, the day and year first above written.

| [Corporate seal containing National Graphite corporate seal, South Dakota.] } | NATIONAL GRAPHITE COMPANY, By GEO. D. MILES, *President.* |

Attest: J. E. NORTON, *Secretary.*

I, Frank E. Bell, notary public within and for the county of Cook and State of Illinois, do hereby certify the above-named George D. Miles, president, and J. E. Norton, secretary, to me known to be president and secretary of the National Graphite Company, appeared before me and duly acknowledged the above to be their signatures, this 21st day of December, A. D. 1903.                                        FRANK E. BELL,
                                                    *Notary Public.*

The clerk of the court of Yancey County made the following order of registration:

"The foregoing certificate of Frank E. Bell, notary public, Cook County, Ill., with seal attached, is adjudged to be in due form and according to law. Therefore let the same, with this certificate, be registered. Witness my hand and official seal, this 29th day of December, 1903."

The deed was filed for registration on 29 December. Upon the facts agreed, his Honor held that the plaintiff was not entitled to recover, and gave judgment accordingly, from which he appealed to this Court.

*Hudgins, Watson & Watson for plaintiff.*
*J. Bis Ray, Gardner & Gardner and John S. Adams for defendant.*

MANNING, J., after stating the case: The right of the plaintiff to recover in this action depends entirely upon the validity of the deed of trust under which he claims title. If, for any cause, that deed was ineffectual to pass the title of the property described therein as against creditors or purchasers, then he must fail in this action and the judgment rendered by his Honor at the trial in the Superior Court must be affirmed. It is well and thoroughly settled by repeated decisions of this Court that "until a deed is proved in the manner prescribed by statute, the public register has no authority to put it on his book; the probate is his warrant, and his only warrant, for doing so." And unless the deed has been duly proved, the registration is ineffectual to pass the title as against creditors and purchasers. *Duke v. Markham,* 105 N. C., 131, and cases cited in the annotated Report.

Section 1005, Revisal, provides that "The following forms of probate for deeds and other conveyances executed by a corporation shall be deemed sufficient, but shall not exclude other forms of probate which would be deemed sufficient in law," and then follow four forms for the probate of corporate deeds. No one of these forms was followed, even in substance, in the probate of the deed of trust in this case. Registration was necessary to give validity to the deed as against creditors or purchasers. Our inquiry, therefore, is, Is the form of probate sufficient in law? An examination of the statutory form of probate prescribed in those cases in which the corporation executing the instrument affixes its common seal will disclose that there is required proof under oath that the seal affixed is the common seal of the corporation, and that it was affixed by an officer of the corporation. The Legislature in these authorized forms seemed to regard that fact essential in each form of probate where the corporation had adopted a common seal. It seemed to recognize the doctrine that where a corporate act must be executed by an instrument under seal and the corpora-

tion had adopted a common seal, the corporation spoke through and by its seal, and that the seal did not prove itself. The reason for this requirement was thus stated by the Court of New Jersey in an early case, *Den v. Vreelandt* (1800), 2 Halstead, 352: "On the contrary, the seals of private courts, or private persons, are not evidence of themselves; there must be a proof of their credibility. It cannot be presumed that they are universally known, and consequently they must be attested by the oath of some one acquainted with them." This reason, so well expressed, has lost none of its strength by the lapse of time.

In 1 Enc. L. and P., 963, the following is stated as essentially required to make the probate sufficient: "It must appear from the certificate, when read in connection with the deed, that the person making the acknowledgment was authorized to execute the instrument for the corporation; that he was known, or proved, to the officer to be the corporate official he represented himself to be, and that he acknowledged the instrument to be the act and deed of the corporation." And at p. 964, same volume, it is further stated: "A substantial showing of the requisite facts is all that is required, and where the instrument purports to be the act of the corporation, the certificate will not be held defective because it recites that the person who executed it, in behalf of and under authority from the corporation, acknowledged it to be 'his' act and deed instead of that of the corporation."

In our opinion, this authority states the requisites of a valid probate of a corporate deed as liberally as ought to be sanctioned; any further extension would be easily abused. In the probate of the deed of trust used in this case the corporate officials simply acknowledge their signatures; they do not acknowledge the instrument to be either "the act and deed of the corporation" or "his" act and deed; the acknowledgment of this fact is entirely omitted, as is any proof that the seal affixed is the corporate seal. We have examined all the cases which we could discover by diligent search, in which the sufficiency of the acknowledgment of a corporate deed has been presented, and we have been able to find no case sustaining a probate which did not contain more than the probate attached to the deed of

trust in this case. *Bason v. Mining Co.,* 90 N. C., 417; *Heath v. Cotton Mills,* 115 N. C., 202; *Shaffer v. Hahn,* 111 N. C., 1; *Chicago, etc., R. Co. v. Lewis,* 53 Iowa, 101, and cases cited, note 11, p. 965, 1 Enc. L. and P.

It may not be amiss to say that we think the time has well come when the Legislature can, with propriety and safety, strike out in section 1005, Revisal, the words, "but shall not exclude other forms of probate which would be deemed sufficient in law," and thus prescribe statutory forms of probate of corporate deeds. Doubt and uncertainty would be removed, and as corporations have entered so largely into the business of our people, they have become familiar with the forms to be followed to give validity to corporate deeds. After a careful examination of the authorities, we are constrained to hold that the deed of trust, under which the plaintiff claims, was not sufficiently proven to authorize its registration, and, therefore, it must necessarily follow that the deed passed no title and created no lien upon the property therein described as against creditors or purchasers. It is declared by section 1224, Revisal, that "All the real and personal property of an insolvent corporation, wheresoever situated, and all of its franchises, rights, privileges, and effects shall, upon the appointment of a receiver, forthwith vest in him, and the corporation shall be divested of the title thereto." But it has been held by this Court, and is a generally accepted doctrine, that "the appointment of a receiver does not divest the property of prior existing liens," but the court, through its receiver, "receives such property impressed with all existing rights and equities, and the relative rank of claims and standing of liens remains unaffected by the receivership." 1 Pomeroy's Equity Jurisprudence, sec. 155; *Pelletier v. Lumber Co.,* 123 N. C., 596; *Bank v. Bank,* 127 N. C., 432; *Fisher v. Bank,* 132 N. C., 769; *Garrison v. Vermont Mills, ante,* 1.

Upon the appointment of the receiver of the National Graphite Company on the ground of insolvency, the real estate of that corporation forthwith vested in him, and as the deed of trust, under which the plaintiff claims, was ineffectual because of its invalid probate to divest the title of the corporation or

create a lien thereon, as against creditors and purchasers, it must follow that the deed of the receiver, made pursuant to the orders of the court, was effective to pass the title of the property of the corporation. Having reached this conclusion, it is unnecessary to consider the other questions urged in the argument before us. Some of them have been considered by this Court in the recent case of *Clement v. King,* 152 N. C., 456, and would seem to be decided in that case. In our opinion, therefore, the judgment of his Honor was correct, and it is

Affirmed.