C. L. BAILEY, TRUSTEE, v. T. R. HASSELL ET AL.

(Filed 22 November, 1922.)

**1. Corporations—Deeds and Conveyances—Seal—Statutes.**

While it is required for the sufficiency of the deed of a corporation to convey its lands that the corporate seal should be affixed to the instrument, any device used for the corporate seal will be sufficient, provided it was intended for and used as the seal of the corporation, and had been adopted by proper action of the corporation for that purpose. C. S., 1126 (3).

**2. Same—Adoption of Seal.**

The simple word "seal," with a scroll adopted as the seal of a corporation and used by it on a deed to its lands according to resolutions of the stockholders and directors thereof at separate meetings held for the purpose, when all were present, is sufficient. C. S., 1126 (3).

**3. Corporations — Deeds and Conveyances—Probate—Statutes—Validating Acts.**

It is not necessary to the valid probate of a deed made by a corporation that it literally follow the statutory printed forms, C. S., 3326, if it substantially complies with the law regulating the probate of a conveyance of land; and where the probate shows the acknowledgment of the president and secretary, each acting in his official capacity, or as representing the corporation, who is designated as "the grantor, for the purpose therein expressed," it is sufficient; and the finding of the jury, upon evidence, that these officials were properly authorized to act for and in behalf of the corporation, and had so acted; and had used the word "seal" enclosed in scroll, that had been lawfully adopted for the purpose, makes it a valid execution and probate of the deed as an act of the corporation itself; and were it otherwise, the defects as to the "seal" seem to be cured under the provisions of C. S., 3354, and as to signatures of the officials by ·C. S., 3355.

**4. Corporations—"Seal"—Probate—Statutes—Presumption.**

Where a conveyance of land purports upon its face to be the act of a corporation, and the word "seal" with a scroll has been used thereon, it is competent to show that the corporation had adopted for the purpose the word "seal" with a scroll in the place of the corporate stamp seal, which had been broken and could not be used; and that the officials signed as such were thereto authorized by the directors and stockholders of the corporation, although the statutory form of the probate, C. S., 3326, had not been strictly, though substantially, followed, the presumption being that the officer taking the probate had complied with the requirements of the law as to corporate probate.

**5. Same—Equity—Correction of Instrument.**

*Semble*, the power of courts of equity to correct, reform, and reëxecute an instrument upon sufficient allegation and proof extends to the probate of corporate deeds, when it thereon appears that the president and secretary have executed it in behalf of the corporation in substantial compliance with the printed form of the statute. C. S., 3326.

**6. Corporations—Seals—Probate—Parol Evidence—Appeal and Error.**

Parol evidence of the action of the stockholders and directors of a corporation in adopting the word "seal" in a scroll as its corporate seal and authorizing the conveyance of its lands by its president and secretary is admissible, when it is made to appear that there were no minutes kept of the meeting at which this action was taken, and the finding of the trial judge thereon is conclusive, on appeal, if there was evidence to support it.

**7. Evidence — Deeds and Conveyances — Probate — Parol Evidence — Written Instruments.**

Where the probate of a corporation's deed for land is in substantial compliance with the statutory form, C. S., 3326, parol evidence is compe-

tent, in an action attacking its validity, that tends to corroborate the recitations of the probate, and to further show that the president and secretary had proper authority to act therein on its behalf.

APPEAL by plaintiff from *Daniels, J.,* at the July Term, 1922, of WASHINGTON.

On or about 21 March, 1915, the Farmers Union Supply Company, a corporation, executed to T. J. Basnight a certain mortgage deed, recorded in Book 67, page 165, to secure the payment of money borrowed by it for the purpose of purchasing a lot and erecting a building thereon in which to conduct its business, it being the same property described in said mortgage. Sometime thereafter T. J. Basnight died and H. S. Basnight qualified as his administrator and made demand upon the supply company for payment of this mortgage in order to settle his estate. The supply company, being unable to make payment, procured B. F. Bailey to take this instrument up for it.

Later on, Mr. Bailey, he being the father of the plaintiff in this action, sold and assigned the said mortgage, with the indebtedness thereby secured, to the Bank of Roper, which paid him full value therefor. It appears from the record that no part of this indebtedness has been paid. Some time after he had transferred and assigned the mortgage, H. S. Basnight attempted to cancel the same of record, without the knowledge or consent of the holder of the note it secured.

On 31 December, 1918, the Farmers Union Supply Company, being desirous of acquiring title to the other half of the building, same being owned by J. O. Highsmith, borrowed from the Bank of Roper the sum of $5,750 and secured the loan by a deed of trust on the property, duly registered. It is admitted that the Bank of Roper advanced the full amount represented by this loan and deed of trust to the supply company, and that the latter used the same in purchasing the other half of the building from Highsmith.

It also appears that this loan and deed of trust were authorized by the stockholders and directors of the supply company. No part of this indebtedness has ever been paid.

On 14 January, 1921, the Farmers Union Supply Company borrowed from the Bank of Roper the sum of $4,800 for the purpose of taking up certain notes to a bank in Elizabeth City, and for the other purposes of its business. To secure this amount it executed to Hassell, trustee, the deed of trust recorded in Book 74, page 178. It is admitted that the Bank of Roper advanced the full amount shown in this deed of trust to the supply company, and that no part of the same has ever been repaid. It also appears that this loan and deed of trust were authorized by the stockholders and directors of the supply company.

It also appears that some time prior to the execution of the two last deeds of trust, the corporate seal of the Farmers Union Supply Company had been broken or misplaced, and that the stockholders and directors of the company, in a duly constituted meeting, had adopted the form of seal as it appears on said instrument as the corporate seal of the company. There was also evidence that the stockholders and directors of the supply company authorized and directed the execution of valid deeds of trust to secure the Bank of Roper, and that the president and secretary of the supply company, pursuant to resolutions to that effect, appeared before the notary taking the probates of the said instruments and acknowledged the execution of the same to be the acts and deeds of the Farmers Union Supply Company.

Some time after the execution of the said instruments, the Farmers Union Supply Company was adjudicated a bankrupt, and the plaintiff was appointed trustee of the estate. The Bank of Roper has also been adjudged insolvent by decree of the Superior Court of Washington County, and the defendant Litchfield has been appointed receiver of the said bank with power and authority to wind up its affairs and distribute the assets as appears from the record.

Plaintiff's only attack upon the Basnight mortgage, as appears, is that it was canceled of record, and this was the only issue with reference to that mortgage. Plaintiff attacks the two deeds of trust to Hassell, trustee, upon two grounds:

1. That the corporate seal of the Farmers Union Supply Company was not affixed to the said deeds.

2. That the deeds were not properly probated.

The jury returned the following verdict:

"1. Were the deeds of trust from the Farmers Union Supply Company to T. R. Hassell, trustee, offered in evidence, executed in pursuance of resolutions of the Farmers Union Supply Company authorizing the execution of the same? Answer: 'Yes.'

"2. Prior to the execution of the said deeds of trust aforesaid, had the word "seal" appearing upon said instruments been adopted as the corporate seal of the Farmers Union Supply Company pursuant to resolutions of its stockholders and directors in a meeting duly called and held for that purpose? Answer: 'Yes.'

"3. Were the said deeds of trust acknowledged by the president and secretary and treasurer in the form appearing upon said deeds of trust offered in evidence, in pursuance of the said resolutions of the stockholders and directors, and did the said president and secretary and treasurer appear before a notary public and acknowledge the execution of the said deeds as the act and deed of the said Farmers Union Supply Company? (Plaintiff excepts to the submission of this issue.) Answer: 'Yes.'

"4. Were the amounts represented by the deeds of trust aforesaid actually received by the Farmers Union Supply Company and used by it in the purchase of the property therein described and in carrying on the business of the company? Answer: 'Yes.'

"5. Was the cancellation of the mortgage from the Farmers Union Supply Company to T. J. Basnight unauthorized, as alleged in the answer? Answer: 'Yes.' "

The court rendered judgment upon the verdict, declaring therein that the mortgage and deeds of trust were validly executed by the Farmers Union Supply Company, and valid debts secured thereby, and were binding upon it as its subsisting obligations. The court further provided for a sale of the lands described in said deeds, and appointed a commissioner for that purpose, and then gave specific directions as to the payment of the debts and costs. Plaintiff excepted and appealed.

*Zeb Vance Norman for plaintiff.*
*W. L. Whitley and Van B. Martin for defendants.*

WALKER, J. We will consider the questions in the same order as they are presented in the record.

It may be taken as settled that a corporation may adopt, alter, or change a common seal at its pleasure. C. S., 1126, subsec. 3. "The power to have a common seal, and to alter or renew the same at will, is frequently conferred on corporations by statute, but such a power is one of the incidental and implied powers of every corporation when not expressly conferred." 14 C. J., sec. 404, p. 334; 7 A. & E. (2 ed.), p. 690 *et seq.; Railway Co. v. Hooper,* 160 U. S., 514.

In this State a corporation must convey its real property by instrument under seal, the same as an individual, but this does not necessarily mean that it must be done by attaching the ordinary common seal of the corporation. Any device used on the instrument, as and for the seal of the corporation, would be sufficient for that purpose, provided it was intended for and used as the seal of the corporation. "If a seal is necessary to a corporate contract, and authority is shown for the corporation to attach its seal thereto, it is by no means indispensable that use should be made of the ordinary common seal of the corporation. Any other seal would have the same effect, if adopted by the corporation, and this is ordinarily established by showing authority to execute a contract on behalf of the company under seal, and the fact of attaching some seal to the name of the corporation with intent to seal on its behalf." 7 A. & E. (2 ed.), p. 692 (citing numerous authorities from State and Federal courts, including the United States Supreme Court);

*Taylor v. Heggie,* 83 N. C., 244; 14 C. J., p. 336; Womack on Corporations (1904), p. 203, sec. 403; *Benbow v. Cook,* 115 N. C., 324.

There was evidence that all of the instruments in question were duly authorized by the stockholders and directors of the Farmers Union Supply Company, and that the stockholders and directors were present at these meetings. It further appears in the evidence that, prior to the execution of the deeds of trust to Hassell, trustee, the corporate seal of the Farmers Union Supply Company had been broken or misplaced, and that the stockholders and directors of the Farmers Union Supply Company had duly adopted the word "Seal" as the corporate seal of the said company, and that it was so used on the instruments in question. It appears from the testimony of the witness J. E. Singleton that all directors were present when this was done. Therefore, assuming this to be the fact, and the verdict of the jury has established the same, then the seal on the instruments in question is the corporate seal of the Farmers Union Supply Company. It appears from a perusal of the instruments in question that they are made for and in the name of the Farmers Union Supply Company, and it also appears from the attestation clause that they are executed for and in behalf of the Farmers Union Supply Company.

Plaintiff attacks the probates of the two deeds of trust to Hassell, trustee, contending that the same are not sufficient to authorize registration of the same. These probates appear in the record, and are substantially as follows: "The execution of the foregoing instrument was this day acknowledged before me by J. E. Singleton, president, and George B. Hooker, secretary-treasurer of the Farmers Union Supply Company, Inc., *the grantor,* for the purpose therein expressed. Let the same, with this certificate, be registered."

Then follows the signature and official seal of the notary and the fiat of the clerk of the Superior Court adjudging the probates to be correct and sufficient, and ordering the instruments to registration.

Plaintiff says that the probates do not follow the printed forms of probate as laid down in the Consolidated Statutes, and, therefore, that the same are invalid. But we are not able to concur in this view. The statute itself, section 3326, says, in part, "but (the same) shall not exclude other forms of probate which would be sufficient in law." It clearly appears from the probates of these instruments that the proper officials of the Farmers Union Supply Company, to wit, the president and secretary-treasurer, personally appeared before the notary and acknowledged the execution of the instruments as the acts and deeds of the Farmers Union Supply Company, and not as their personal act. Not only do the probates show this fact, but there is abundant evidence in the record to establish the same, and the jury have so found by their

answer to the third issue. What more could be required? Are the instruments to be adjudged void merely because the notary failed to incorporate full findings in the probates? Are the instruments to be adjudged void merely because the probates are deficient in matters of form and not of substance? The acts of the notaries in taking the probates in question were judicial acts. *"Omnia praesumuntur rite esse acta."* At least, it appears from the probates themselves that the proper officers of the corporation appeared before the notaries and acknowledged the instruments to be the acts and deeds of the grantor, the Farmers Union Supply Company. Plaintiff has offered no evidence whatever tending to impeach the probates upon the ground of fraud, or for other valid reason, and they are, at least, in substantial compliance with the law. *Starke v. Etheridge,* 71 N. C., 240; *Quinnerly v. Quinnerly,* 114 N. C., 145; *Heath v. Cotton Mills,* 115 N. C., 202; *Cochran v. Improvement Co.,* 127 N. C., 386; *Brown v. Hutchinson,* 155 N. C., 210; *Spruce Co. v. Hunnicutt,* 166 N. C., 202; *Moore v. Quickle,* 159 N. C., 129; *Power Corp. v. Power Co.,* 168 N. C., 219, and authorities cited; 1 C. J., sec. 192, p. 849.

The Court says, in *Withrell v. Murphy,* 154 N. C., 89, this being the case upon which the plaintiff principally relied: "It must appear, when read in connection with the deed, that the person making the acknowledgment was authorized to execute the instrument for the corporation; that he was known or proved to be the corporate official he represented himself to be, and that he acknowledged the instrument to be the act and deed of the corporation. The substantial showing of the requisite facts is all that is required, and where the instrument purports to be the act of the corporation the certificate will not be held defective because it recites that the person who executed it in behalf of and under authority from the corporation, acknowledged it to be his act and deed instead of that of the corporation." There is a clear distinction, in one respect, between the probate under consideration in *Withrell v. Murphy, supra,* and the probate of the instruments here, but not only is that case, as we consider it, not an authority to sustain the contentions of the plaintiff, but tends strongly to support the defendants' contentions.

It seems to us that the probates appearing on the several instruments are, at least, in substantial compliance with the law, and are certainly sufficient under our decisions, as above cited. The corporate seal appears upon the deeds of trust and also upon the record of the same, and, as stated in *Benbow v. Cook, supra,* at p. 332, "If R. E. Causey, the secretary and treasurer, was authorized to sign the instrument as agent, it will be presumed that what purported to be a seal, and would have been declared sufficient if attached to his signature as an individual, was

the seal of the corporation affixed in accordance with the recital in the attestation clause." However, the jury, upon competent evidence, has found, by its answer to the second and third issues, that the seal affixed to said instruments is the corporate seal of the supply company, and that the proper officials acknowledged the instruments before the notaries to be the acts and the deeds of the supply company, pursuant to resolutions duly passed by it to that effect. (*Starke v. Etheridge, supra.*) The scope of the answer is very comprehensive and inclusive, and we take it that there is now no doubt about the power of equity to correct, reform, and reëxecute written instruments upon sufficient allegations and proof, and that this power extends perhaps to probates, in some cases, as well as to other instruments. *Wynne v. Small,* 102 N. C., 133; *Quinnerly v. Quinnerly, supra; McCown v. Sims,* 69 N. C., 159; 24 A. & E. (2 ed.), p. 654, but we need not invoke that principle in this case.

It seems that parole evidence can be introduced in aid of probates in proper cases. It is contended that the execution and probate of the $5,750 deed of trust has been validated by C. S., 3354-3355. By examination of section 3354 it appears that it contemplates a conveyance signed by the president and secretary of a corporation, not in the corporate name, which clearly implies that no corporate seal is affixed, and in section 3355, which validates a probate upon the oath and examination of a subscribing witness, it seems to suggest that no proof of the corporate seal appears in the probate. The $5,750 deed of trust is dated 31 December, 1918, and should be held to be validated by these curative statutes, even assuming that the same is deficient, which we say is not the case.

Exceptions 1 to 13 all relate to the admission of evidence as to the execution of the mortgage and deeds of trust in question. There is no merit in exception No. 1, for the reason that plaintiff did not question the Basnight mortgage at all, but only contended that the same had been canceled of record. It seems to us that defendants were entitled to prove that the deeds of trust to Hassell, trustee, were duly authorized by the stockholders and directors of the supply company, and that the officers were directed to execute valid instruments to secure the money which admittedly was loaned to the supply company by the Bank of Roper upon the strength of these instruments; that they were also entitled to prove why the word "seal" was used on the instruments, and also that this word had been adopted as the corporate seal of the supply company in a meeting duly called and held for that purpose and attended by both the stockholders and directors of the supply company. There was no other or better way to prove these facts.

It is evident that a sufficient and proper foundation was laid for the admission of this evidence. It appears that no minutes were kept of these transactions, and defendants offered the minute book of the company to show the facts in corroboration of the testimony of the witness, J. T. McAllister and J. E. Singleton, to that effect. The court found as a fact that no minutes were kept, and admitted the evidence only upon this having been made to appear. The allegations of the answer are broad enough to justify this testimony, and we do not see why the same was not competent. Plaintiff was attacking the instruments for invalidity alleged by him, and the defendants should, in reply to this attack, be permitted to show the existence of the facts essential to the legality of the instruments, as alleged in the answer, that is, they should be allowed to show the true facts in regard to the seal, and why they used what purported to be a private seal, adopted at a regular meeting by the corporation called for the purpose of doing so, the sufficient reason being that the common or corporate seal had been lost or broken so that it could not be used, and that the one which was used as a substitute for it had the authority and official sanction of the company for its use. One of the enumerated powers of a corporation, as set forth in our statute, is "To make, use, and alter a common seal." C. S., 1126; Womack's Law of Private Corporations (Ed. of 1904), sec. 95. If a resolution authorizing the use of the private seal as that of the corporation was adopted, the failure to enter it on the minutes of the meeting at which it was passed does not affect its validity, and such corporate act can be proved by parol. Womack, *supra,* p. 221, sec. 436, citing *Handley v. Stutz,* 139 U. S., 417 (35 L. Ed., p. 227). See, also, *Clark v. Hodge,* 116 N. C., 761. No minutes having been kept, there was no way to show the authorization of the instruments except by parol, and no way to show the adoption of the word "seal" except in the same way. It was held by the Court in *Handley v. Stutz, supra,* that "a failure to enter a resolution of stockholders of a corporation on its book at the time it was adopted does not affect its validity; such corporate act can be proved by parol. Proceedings of a meeting of stockholders are binding upon those participating in it although it was held without call or notice, and outside of the State where the company was incorporated, there being no statutory restriction of corporate action to the limits of the State." The evidence as to what occurred before the notary does not contradict the probates, in any respect whatever, but only shows more clearly what the probates state, that the execution of the instruments was acknowledged as the act and deed of the Farmers Union Supply Company. This evidence was competent. There is a distinction between proving a fact which has been put in writing and proving the writing itself. Because a fact has been described in a writing does

not exclude other proof of the fact. For example, the proceedings of a corporate meeting of stockholders or directors are facts, and they may be proved by oral testimony where they are not so recorded. McKelvey on Evidence, p. 428.

The two exceptions, Nos. 9 and 11, relate to the admission of testimony by the court as to the probate of the instruments in question before the notaries. It will be observed that exception No. 9 was taken to the refusal of the court to strike out the answer to a question, and exception No. 11 is to permitting the witness to answer that he and the secretary appeared before the notary and acknowledged the instrument as the act and deed of the Farmers Union Supply Company, pursuant to resolutions of the directors of the supply company to that effect. This evidence does not contradict the probates at all, as it appears from the probates and the deed that the acknowledgment was made in behalf of the grantor, the Farmers Union Supply Company. The fact that the officers appeared before the notary pursuant to resolutions to that end has already been discussed, the evidence of it being competent in view of the fact that no written record was made of the resolutions. *Starke v. Etheridge, supra; Quinnerly v. Quinnerly, supra; Wynn v. Small, supra; Handley v. Stutz, supra.*

The exceptions Nos. 14 and 15 relate to the issues. It seems that the law is settled that if the issues submitted by the court are sufficient in form and substance to present all phases of the controversy, there is no ground for exception to the same. C. S., 584, and cases cited; *Potato Co. v. Jeanette,* 174 N. C., at p. 240. It is apparent that the two issues tendered by the plaintiff do not cover the controversy, containing, as it does, three separate causes of action. Plaintiff does not except to the issues submitted by the court, but his exception (No. 15) is directed only to the submission of the third issue. Clearly the third issue was proper. As said in the *Jeanette case, supra,* issues are properly framed upon the pleadings, and certainly the allegations of the answer called for the third issue, and there was ample testimony for the jury as to it. It will be found that the instructions of the court to the jury upon the various issues thoroughly cover the point sought to be raised by the plaintiff in the two issues tendered by him.

Exception No. 16 is taken to the refusal of the court, as plaintiff contends, to give to the jury certain requests for instructions. It is settled that the judge is not bound to follow the exact language of a prayer for instructions, and it is sufficient if he gives the substance of the same without weakening its effect. *S. v. Kincaid,* 183 N. C., 710. The judge substantially gave the first prayer for instructions in his general charge to the jury, and the second prayer for instructions could not have been given in the form requested. The evidence is that the

stockholders and directors were all present at the meetings when the executions of the instruments were authorized and the "seal" adopted. If this is true, it was a question for the jury. The evidence on this point seems to have been all one way and in favor of the defendants. No notice, though given, was necessary, because all were there. Womack on Corporations (1904), sec. 420, p. 212.

We have carefully read and examined the charge of the learned judge who presided at the trial, and find that it fully covered the law as to all the material questions presented in the case, and is unexceptionable. It seems that some objection was taken to the statement of contentions by the judge, and that further exception was taken to detached portions of the charge. Exceptions of this kind are not favored, and are not considered by this Court. The charge should be viewed as a whole, as we have often held, and a statement of contentions, if deemed by appellant to be erroneous, should be called to the attention of the court in due time, so that proper correction may be made. *Aman v. Lumber Co.,* 160 N. C., 369; *S. v. Montgomery,* 183 N. C., 747.

It appears that the Basnight mortgage was not in fact paid, although marked canceled on the record, and the jury properly found, upon the evidence, that the cancellation was unauthorized. In this connection we may refer again to the probate of this mortgage, which, if not originally valid when it was taken and the mortgage was registered, has been cured of the defect by C. S., 3354. But we do not mean to imply that it was originally defective. And further, it may be said that defects, if any, in the probate and registration of the deeds in dispute appear to be cured by C. S., ch. 65, art. 4, secs. 3329-3366.

As to the Basnight mortgage, the only objection appears to be that it was canceled of record on 22 March, 1918, but we also have considered and discussed the validity of the mortgage and the probate of it. The mortgage appears upon its face, when it is read and considered with the language of the probate, to have been executed by J. T. McAllister, as president, and R. D. Harrison, as secretary and treasurer, not for themselves but for and in behalf of the Farmers Union Supply Company, and that it was the deed of the latter and so executed and probated.

The case was well tried by the learned judge, with the assistance of an intelligent jury, and of counsel whose briefs and arguments in this Court fully attest their ability to represent and safeguard the interests of the respective parties in every respect, and after careful examination of the entire case, and especially with reference to the exceptions and assignments of error, no error has been found in the record.

No error.